MARY T. LARKIN, Respondent, *v.* HUGH O'NEILL, Appellant.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, it appeared that plaintiff, a woman thirty-five years old, had been in the habit, for ten years, of making purchases frequently at defendant's drygoods store; that she fell while descending a broad, carpeted staircase in said store, which staircase was safely, properly and conveniently constructed in all respects. The only proof upon which the claim of negligence was founded was the presence of a figure for exhibiting children's clothing upon the steps next the railing, and the absence from the steps of footholds, *i. e.*, brass plates or rubber pads. At the close of the evidence a motion was made for a nonsuit, which was denied. *Held*, error; that there was no evidence of negligence on the part of defendant which could properly have been submitted to the jury; that while the business of the defendant was, from its very nature, an invitation to the public to enter upon his premises, and he was bound to use reasonable prudence and care in keeping his store in such a condition that those so entering were not unnecessarily or unreasonably exposed to danger, his duty was measured by and limited to such reasonable prudence and care.

*Larkin* v. *O'Neill* (48 Hun, 591), reversed.

(Argued January 28, 1890; decided January 31, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 21, 1888, which affirmed a judgment in

favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*Edward C. James* for appellant. The motion to dismiss the complaint, because there was no evidence of negligence on the part of the defendant, should have been granted. (*Larmore* v. *Iron Co.*, 101 N. Y. 395 *; Beck* v. *Carter*, 68 id. 283 ; *Bennett* v. *R. R. Co.*, 102 U. S. 577 ; *Crafter* v. *M. R. Co.*, L. R. [1 C. P.] 300 ; *Dougan* v. *C. T. Co.*, 56 N. Y. 1; *Crocheron* v. *F. Co.*. Id. 656 ; *Cleveland* v. *N. J. S. Co.*, 68 id. 306 ; *Loftus* v. *U. F. Co.*, 84 id. 455 ; *Marsh* v. *Chickering*, 101 id. 396 ; *Lafflin* v. *R. R. Co.*, 106 id. 136 ; *Kelly* v. *R. R. Co.*, 109 id. 44.) The cause of the plaintiff's fall must not be left to conjecture ; she must show by competent proof that it was occasioned by the defendant's negligence, without fault on her own part. If she fails to do this her complaint must be dismissed. (*Cordell* v. *Railroad Co.*, 75 N. Y. 332; *Beaulec* v. *Railroad Co.*, 59 id. 356 ; *Taylor* v. *Yonkers*, 105 id. 202, 209 ; *Searles* v. *Railway Co.*, 101 id. 661; *Ring* v. *Cohoes*, 77 id. 83, 88.) It was error to allow proof that other persons had fallen upon these stairs, without evidence showing that it was from the same cause and under similiar conditions as the fall of plaintiff. It was also error to allow proof of falls, without reference to whether they occurred before or after plaintiff's fall, and without any explanation as to how they occurred ; and without proof that they were known to the defendant. (*Johnson* v. *M. R. Co.*, 52 Hun, 111 ; *Fillo* v. *Jones*, 2 Abb. Ct. App. Dec. 121; *Wooley* v. *R. R. Co.*, 83 N. Y. 121, 130 ; *Quinlan* v. *Utica*, 11 Hun, 217 ; 74 N. Y. 603 ; *Burns* v. *Schenectady*, 24 Hun, 10 ; *Eggleston* v. *C. T. Road*, 18 id. 146 ; *Avery* v. *Syracuse*, 29 id. 537–540; *Dist. of Columbia* v. *Armes*, 107 U. S. 519, 524–5 ; *Sherman* v. *Kortright*, 52 Barb. 267 ; *Erwin* v. *Steamboat Co.*, 6 Wkly. Dig. 452 ; *Mailler* v. *E. P. Line*, 61

N. Y. 312.) The husband's right of action for a personal injury to his wife is not assignable, and the assignee cannot recover for future services. (*People* v. *T. C. Com. Pleas*, 19 Wend. 73; *Hegerich* v. *Keddie*, 99 N. Y. 258, 266; *Black* v. *Griswold*, 104 id. 613; Code Civ. Proc. § 3343, subd. 9; *Maxson* v. *D., L. & W. R. R. Co.*, 112 N. Y. 559; *Filer* v. *R. R. Co.*, 49 id. 47, 56; *Brooks* v. *Schwerin*, 54 id. 343; *Reynolds* v. *Robinson*, 64 id. 589; *Birkbeck* v. *Ackroyd*, 74 id. 356; *Coleman* v. *Burr*, 93 id 17.)

*Ira Leo Bamberger* for respondent. The defendant was guilty of negligence. Where the relation of trafficker and customer exists, the party who derives benefit from the coming upon his premises is bound to exercise something more than ordinary care. (Smith on Neg. 131; *Frieze* v. *Cameron*, 4 Rich. 228; *Chapman* v. *Rothwell*, 1 El. B. & E. 168; *Bennett* v. *L. & N. R. R. Co.*, 102 U. S. 577; *Ackart* v. *Lansing*, 48 How. Pr. 380.) It was eminently proper to prove that other customers of the defendant had frequently fallen down the stairs previous to the plaintiff's accident, and that a similar accident had happened the day previous to the occurrence in question. (*Quinlan* v. *City of Utica*, 11 Hun, 219; 74 N. Y. 603; *Magee* v. *City of Troy*, 48 Hun, 396; *Avery* v. *City of Syracuse*, 39 id. 537; *District of Columbia* v. *Armes*, 107 U. S. 519; *Burns* v. *City of Schenectady*, 24 Hun, 10; *Guilladen* v. *C. W. Co.*, 18 Wkly. Dig. 303; *L. R. R. Co.* v. *Wright*, 16 N. E. Rep. 145; *City of Delphi* v. *Lowrey*, 74 Ind. 520, 523; *R. R. Co.* v. *Newell*, 104 id. 264; *City of Fort Wayne* v. *Combs*, 107 id. 75; *Cook* v. *New Durham*, 13 At. Rep. 650; *Darling* v. *Westmoreland*, 52 N. H. 401; *Pomfrey* v. *Village of Saratoga*, 104 N. Y. 469; *City of Topeka* v. *Sherwood*, 18 Pac. Rep. 933; *Western* v. *City of Troy*, 3 N. Y. Supp. 450; *Ster* v. *Tuety*, 45 Hun, 49; *Johnson* v. *Manhattan R. Co.*, 4 N. Y. Supp. 848.) The husband was, in the nature of things, the very best expert as to the value of the wife's services. They were personal to him, and he was necessarily the most competent person to testify as

to their value. (*Matteson* v. *N. Y. C. R. R. Co.*, 35 N. Y. 493.) Evidence of the plaintiff's husband as to the condition of the stairs on the day after the accident, was merely corroborative of the testimony of the plaintiff and properly admissible under the decisions. (*Morrell* v. *Peck*, 88 N. Y. 402; *Brennan* v. *Lachat*, 5 N. Y. S. R. 884.)

O'BRIEN, J. The plaintiff recovered a verdict as damages for personal injuries sustained by falling down stairs in the defendant's store on Sixth avenue, between Twentieth and Twenty-first streets, in the city of New York, on the 27th day of February, 1885. It is claimed that this accident was the result of the defendant's negligence.

The plaintiff is a married woman about thirty-five years of age. She had been, for ten years prior to the accident, a customer of the defendant's store, and during that time, in every year, had frequently been at the store to purchase goods for herself and her family.

On the day of the accident she went to the store to buy goods, and entered on the Twentieth street side. After making some purchases on the ground floor, she went up to the cloak-room on the second floor in the elevator, and after purchasing a cloak there she inquired for the underwear department, and was told that it was down stairs. One of the clerks pointed out to her the stairs leading down to this part of the store. While attempting to walk down the stairs she fell and sustained the injuries for which the damages were awarded.

It appeared, by the undisputed evidence, that the stairway had been built a few years before by a competent builder of twenty-eight years experience. It was composed of eleven steps, each fifteen feet long, with a rise of seven and a half inches, and a tread of ten and a half inches. The stairs were carpeted down the center for a width of about nine feet, leaving about a yard uncovered at either side. On the left, going down, was a railing protecting the well-hole, and on the right a plain wall. On the uncarpeted part of the step next to the railing, and a few inches inside it, there was placed on the

steps a small form or figure for exhibiting suits for children two or three years of age. A great number of people passed up and down these stairs every day. The defendant proved by an architect and stair builder that the stairs were safely, properly and conveniently constructed in all respects. Indeed, the only proof of negligence on the part of the defendant that seems to be relied upon by the plaintiff to uphold the verdict is the presence of the figure for exhibiting children's clothing next the railing, and the absence from the steps of footholds, brass plates or rubber pads. The defendant was a dry goods dealer, transacting a very extensive business. A large number of people frequented his store every day. The business that he was conducting was, from its very nature, an invitation to the public to enter upon his premises. He was bound to use reasonable prudence and care in keeping his place in such a condition that people who went there by his invitation were not unnecessarily or unreasonably exposed to danger. The measure of his duty was reasonable prudence and care. (*Beck* v. *Carter* 68 N. Y. 383 ; *Larmore* v. *Crown Point Iron Co.*, 101 id. 391, 395 ; *Bennett* v. *R. R. Co.*, 102 U. S. 577.)

There is no proof in the case from which it could be found that the defendant neglected any duty that he owed to the plaintiff. She was not exposed to any unreasonable or concealed danger. She fell while walking down a broad, carpeted stairway, between four and five o'clock in the afternoon. There was nothing in the manner in which the stairs were constructed, used or kept from which such a result could reasonably be anticipated. It is quite probable that the accident occurred from slipping, or from a misstep by the plaintiff. But whatever caused the injury it is quite clear that it could not be attributed to any want of care on the part of the defendant. The language of the court in *Crafter* v. *Metropolitan Railway Co.* (L. R. [1 C. P.] 300) applies : "The line must be drawn in these cases between suggestions and possible precautions, and evidence of actual negligence, such as ought reasonably and properly to be left to a jury. It is difficult, in some cases, to determine where the line is to be drawn, but

here I have no hesitation in saying that there was no evidence of negligence which · could properly be left to the jury. There was nothing unusual in the construction of the stair‧ case. The use of brass for protecting the edges of the stairs, and absence of a hand-rail, which alone are relied on by the plaintiff, are by no means unusual in staircases of a similar description, where the traffic is great. They were obvious to everyone using the stairs, and were well known to the plaintiff himself. The plaintiff has no right to complain of the absence of accommodation of an unusual kind."

We think there was no evidence in this case of negligence on the part of the defendant that could properly have been submitted to the jury, and it follows that the defendant's request for a nonsuit at the close of the case should have been granted.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.