WILLIAM G. HART, Respondent, *v.* JOHN C. GRENNELL et al., Appellants.

*It seems* that persons, occupying real property for business purposes, who invite and induce others to visit their premises, are required to use reasonable prudence and care to keep the same in such condition that those who visit them will not be unreasonably and unnecessarily exposed to danger.

The law, however, does not require warranty of the safety of those coming upon their premises.

A merchant may place in his store the usual and proper appliances for conducting his business, and when placed in full sight, and not so as to threaten danger, the merchant is not liable for injuries to a visitor occasioned thereby.

Plaintiff went to defendant's store to purchase some oil, and followed the clerk who received the order to the rear of the store where oils and heavy goods were kept. In an open passage-way back of a packing counter was a truck used to move goods in the store. After paying for the oil plaintiff in turning around tripped over the handle of the truck and was injured. The store was well lighted, the truck was in plain sight and was seen by plaintiff. In an action to recover damages, *held,* these facts did not justify a finding of negligence on defendants' part in the performance of any duty they owed plaintiff; and that a refusal to dismiss the complaint was error.

(Argued October 7, 1890; decided October 21, 1890.)

APPEAL from a judgment of the General Term of the City Court of Brooklyn, entered upon an order made April 23, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for personal injuries alleged to have been caused by defendants' negligence.

The material facts are stated in the opinion.

*William J. Gaynor* for appellants. The court below based its ruling on cases holding that when a land owner invites persons upon his premises " he cannot permit anything in the nature of a snare to exist thereon." This was error. (*Larkin* v. *O'Neil,* 29 N. Y. S. R. 34; *Marsh* v. *Chickering,* 101 N. Y. 396; *Catrill* v. *Hilton,* 106 id. 512.) The rule applicable to this case is like that applicable to an inn, under which an innkeeper cannot be held liable for an accident happening to a guest who, even through mistake, goes to a part of the premises where he had no need to go and to which he was not invited. (*Gaffney* v. *Brown,* 23 N. E. Rep. 233.)

*I. S. Catlin* for respondent. The questions as to whether the defendants were negligent, or whether the plaintiff was guilty of contributory negligence, and all subordinate questions were properly left to the jury. (*Bennett* v. *R. R. Co.,* 102

U. S. 585 ; 114 N. Y. 316 ; 116 id. 564.)   A storekeeper who invites persons upon his premises is liable for all damages sustained by them, except those arising from inevitable accidents. (*Davenport* v. *City of New York*, 37 N. Y. 568 ; *Swords* v. *Edgar et al.*, 59 id. 28 ; *Victory* v. *Baker*, 67 N. Y. 366, 370 ; *Beck* v. *Carter*, 68 id. 292 ; *Fleis* v. *Indicott*, 15 Wkly. Dig. 7, 24 ; *Nave* v. *Flack*, 29 Alb. L. J. 366 ; *Tousey* v. *Roberts*, 110 N. Y. 620 ; 114 N. Y. 312 ; 17 J. & S. 182, 304 ; *Pettingill* v. *City of Yonkers*, 116 N. Y. 558–564 ; *Bennett* v. *R. R. Co.*, 102 U. S. 580 ; Cooley on Torts, 604–607 ; Moak's Underhill on Torts, 258–270 ; *Sweeney* v. *O. C. R. R. Co.*, 10 Allen, 373 ; *Zorbich* v. *Tarbell*, Id. 385 ; *Mendell* v. *Baxter et al.*, 12 Gray, 474 ; *Corby* v. *Hill*, 4 C. B. [N. S.] 556 ; *Larmire* v. *C. P. R. R. Co.*, 2 Cent. Rep. 409 ; *Francis* v. *Cockrell*, L. R. [5 Q. B. Div.] 184 ; *Indemaur* v. *Dames*, L. R. [1 C. P. Div.] 274 ; 2 id. 313 ; *Camp* v. *Wood*, 76 N. Y. 96 ; *Gilbert* v. *Nagle*, 118 Mass. 278 ; *Francis* v. *Cockrell*, L. R. [5 Q. B. Div.] 184.)

BROWN, J.   The plaintiff recovered a verdict for personal injuries received from falling over a small truck in the defendants' store in the city of Brooklyn, and it is claimed that the accident was caused by defendants' negligence.

The defendants kept a store for the sale of painters' supplies. About noon of the day of the accident the plaintiff went to the store to purchase some oil.   He was met by a clerk near the office, which was about the middle of the store on the east side, who received his order and went back to the rear of the store to draw the oil.   The plaintiff paid for the oil and also purchased a brush at the brush counter, which was on the opposite side of the store near the Fulton street entrance.   After that he concluded he would purchase more oil, and started to go toward the rear of the store.   He was again met by the clerk near the office, and gave his order.   The clerk went again to the rear of the store, and the plaintiff followed him, and the oil having been drawn and paid for, the plaintiff, in turning around to receive his change from the

clerk, who had gone to and was returning from the cashier's desk, tripped over the handle of the truck and fell and received the injuries complained of.

The truck was a small four-wheeled appliance, three feet long, two feet wide and eleven inches high, with an iron tongue or handle three feet long.

It was used in moving goods about the store and to and fro between the store and wagons. Upon both sides of the store near the entrance were counters. On the east side, about the middle of the store, was an office, and opposite this was a stove. In the rear of the office was a packing counter, and in the rear of the store was a varnish rack. Along the rear wall were oil cans or tanks. Between the packing counter and rear wall heavy goods were piled up in tiers, with spaces between them, and between this pile of goods and the varnish rack was an open passage-way, In this passage-way, near the pile of goods, at the time of the accident, stood the truck, its tongue lying down with its end resting upon the floor.

The store was well lighted, and the situation of every object was apparent to any person who cared to observe them.

We are of the opinion that the evidence did not establish the defendant's liability and that the complaint should have been dismissed.

The general rule applicable to persons occupying real property for business purposes and who invite and induce others to visit their premises is that they must use reasonable prudence and care to keep their property in such a condition that those who go there shall not be unreasonably and unnecessarily exposed to danger. The measure of their duty is reasonable prudence and care. (*Larkin* v. *O'Neill*, 119 N. Y. 221; *Sweeny* v. *O. C. & N. R. R. Co.*, 10 Allen, 368–373.)

The rule has reference to such dangers as might reasonably be anticipated by a prudent and careful man. As was said in one case, "What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use."

The question is could the mischief have been reasonably foreseen. The rule must be applied with reference to the situation of the property and its apparent arrangement for the conduct of the business.

A merchant must have a place to store his goods and counters and figures upon which they may be displayed. Scales upon which to weigh them and trucks with which to move them. And when such appliances are not placed so as to threaten danger to those visiting the store on business, and. are in full sight and within the observation of everyone, the merchant is not liable for accidents which result from carelessness and inattention to the surroundings. So it has been held that it was not negligence for a merchant to place a figure upon which a child's clothing was displayed upon a stairway next to the railing and against which plaintiff stumbled. (*Larkin* v. *O'Neil, supra.*)

That it was not negligence for a railroad company to have a weighing machine for weighing baggage upon the platform of its depot against which plaintiff tripped and was injured. (*Cornman* v. *E. C. R. Co.*, 4 H. & N. 781; *Blackman* v. *L. B. & S. C. R. R. Co.*, 17 Wkly. Rep. 769.)

And in the case of a highway it was held by this court that placing a stepping stone of ordinary size and proper construction in a convenient place on the edge of the sidewalk in front of a public building of a city was not such an obstruction of the street as would charge a municipal corporation with negligence for allowing it to remain. (*Dubois* v. *City of Kingston*, 102 N. Y. 219.)

In this case the truck was in the rear of the store where heavy goods were piled up and it was doubtless in frequent use. It was not exposed in the way of customers visiting the store as there were no appearances which invited them into that part of the building. The plaintiff had no occasion to go there, but followed the clerk to whom he had given his order. The truck was in plain sight, within the observation of everyone, and was seen and observed by the plaintiff.

Under these circumstances such an accident as happened was

not within the reasonable apprehension of the defendants and placing the truck in that part of the store did not expose their customers to hidden or unforseen dangers.

We think the proof fails to show that defendants neglected any duty that they owed to the plaintiff.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.