Bartlett, J.
The plaintiff sues to recover damages for alleged personal injuries. The case was tried in the superior court of the city of New York, a jury finding a verdict of $2,500 for the plaintiff. The judgment entered upon the verdict was affirmed by the general term. A preliminary point was taken at the trial and argued on this appeal challenging the jurisdiction of the superior court of the city of New York either of the defendant or the subject of the action. It is claimed that, as the plaintiff at the date of commencing the action was a resident of the city of Brooklyn, the defendant a foreign corporation, and the cause of action one that accrued in New Jersey, the court, under 263, subdivision 7 of the Code of Civil Procedure, had no jurisdiction. This section deals with the jurisdiction of superior city courts. Subdivision 7 extends it “ to an action by a resident of that city against a foreign corporation, either (1) to recover damages for the breach of a contract, express or implied, or the sum payable by the terms of a contract, express or implied, where the contract was made, executed or delivered within the state ; or (2) where a warrant of attachment granted in the action has been- actually levied within that city upon property of the corporation; or (3) where the summons is served by delivery of a copy thereof, within that city, to an officer of the corporation, as prescribed by law.” „
It is sufficient answer to this objection that the jurisdiction of the superior court of the city of New York is defined by article 6, § 12 of the Constitution of this state, which reads in part as follows: ‘"The superior court of the city of New York” (and three other courts named) “are continued with the powers and jurisdiction they now severally have, and such further civil and criminal jurisdiction as may be conferred by law.”
This article of the Constitution was ratified by the people in November, 1869, and took effect in 1870. At that time trie superior court of the city of New York had jurisdiction in an action by a resident of this state for any cause of action against a corporation created by or under the laws of any other state, government or country. Code of Procedure, § 427. Any legislación limiting this jurisdiction is unconstitutional.
This court in Popfinger v. Yutte, 102 N. Y. 38 ; 1 St. Rep. 334, held subdivision 5 of § 263 of the Code of Civil Procedure unconstitutional as being in conflict with the provision of the Constitution already cited. We hold the superior court of the city of New York had jurisdiction of this action. We now come to the consideration of this appeal on the merits.
The plaintiff, a grain shoveler, at the time of his injury, was employed by the firm of Edward Annan & Co., on board of one of their grain elevators, engaged in transferring grain from a canal boat to the cars of the defendant’s road. The elevator "was made fast to one of defendant’s piers in Jersey City, and the canal boat laid at the side of the elevator away from the pier, while the cars *816 on which the grain was being loaded stood on a track of defendant’s said piers. Between these cars and the side of the pier to which the elevator was secured was another track on which stood empty cars which were in the control of defendant, but with which plaintiff and his employers had nothing to do. In loading the grain it was necessary for plaintiff and others to pass frequently from the elevator to the cars being loaded, and for convenient passage a space of about six feet had been left between two of the cars standing on the intermediate track. While plaintiff, in the discharge of his duty, was passing through this space the cars were suddenly forced together and he was very seriously injured. This' is an outline of the facts as alleged by plaintiff, and to some extent controverted by the defendant, and concerning which a large amount of evidence wras submitted to the jury. As we are of opinion that there was legal error in the learned trial judge’s charge to the jury which leads to the reversal of this judgment it is unnecessary to consider many of the questions discussed on the argument and in the briefs of counsel. The main question in this case is whether, upon the facts submitted to the jury, the defendant is liable. The court charged as the rule of law governing this liability as follows: “ The rule of law is that if a person invites another to come upon the former’s premises, and premises which the former controls, he is responsible for any injury which ensues from the other person going upon those premises where he is invited. And it is so in this case.” The defendant’s counsel excepfed to this part of the charge, and the court said: “ I repeat, that unless the fact is that the person is negligent himself.” The effect of this charge was to practically instruct the jury that if one invites another upon his premises he becomes the absolute insurer of his safety unless the person invited is guilty of negligence. There is no such rule of law, and it is impossible to say that the jury were not misled by this part of the judge’s charge. The general rule applicable to persons occupying real property for business purposes is that they must use reasonable prudence and care to keep their property in such a condition that those who go there shall not be unreasonably and unnecessarily exposed to danger. The measure of their duty is reasonable prudence and care. Larkin v. O'Neill, 119 N. Y., 225; 29 St. Rep. 34; Newall v. Bartlett, 114 N. Y., 399; 23 St. Rep. 732: Hart v. Grennell, 122 N. Y., 374; 33 St. Rep. 553; Ackert v. Lansing, 59 N. Y., 646.
We regret the necessity for reversing this judgment, as this isa case peculiarly within the province of a jury to decide, and we express no opinion on the merits. If another trial is had it will be for the jury to determine the precise state of facts under which the plaintiff éntered upon the pier of the defendant, and' received the injuries of which he complains; and it will be the duty of the trial judge to instruct the jury as to the rules of law applicable to the facts as found.
The judgment and order appealed from are reversed, and new trial ordered, with costs to abide the event. Judgment reversed.
All concur.