(15 Misc. Rep. 85.)

## DUNNING v. JACOBS.

(Common Pleas of New York City and County, General Term. December 23, 1895.)

1. NEGLIGENCE—DANGEROUS PREMISES—THEATER.

In an action to recover for personal injuries sustained by plaintiff in falling from the gallery in defendant's theater, it appeared that he was walking back of the second row of seats, when he slipped or stumbled, and fell over those in front, and over the parapet, which, with the guard rail, was over three feet high; that the floor had a slope of 55 degrees; that plaintiff had been in the gallery before; and that the theater had been in use many years, and no such accident had ever before occurred. *Held*, that the evidence did not show negligence in the construction of the building.

2. THEATERS—SAFETY OF AUDIENCE—DUTY OF PROPRIETOR.

The proprietor of a theater is not liable as an insurer of persons attending performances, but is only bound to exercise reasonable care for their safety.

[1] Ballard v. Hitchcock Manuf'g Co., 24 N. Y. Supp. 1101, 71 Hun, 582; affirmed without opinion by 40 N. E. 163.

Action by James Dunning against Henry R. Jacobs for personal injuries. The complaint was dismissed at the close of plaintiff's evidence, and plaintiff moves for a new trial, on exceptions ordered to be heard at said term in the first instance. Denied.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Gilbert D. Lamb, for plaintiff.

Samuel J. Goldsmith, for defendant.

BOOKSTAVER, J. This action is brought to recover damages for injuries resulting from an accident occurring in defendant's theater. On the evening of May 2, 1892, the plaintiff purchased a ticket entitling him to a seat in any unoccupied part of the upper gallery of defendant's Third Avenue Theater. On first entering the gallery, he seated himself in the last or fourth row of seats. Not being able to see well from this place, he went around to the north side. There the first two rows of seats, or benches rather, were filled with people. The third row, however, was free, or nearly so. Plaintiff walked down the aisle to the third row, turned into that row, and had advanced some three or four feet when he stepped on something slippery, or stumbled, and fell, either sideways or partially forward, over the two intervening rows of seats, filled with people, and the guard rail on the parapet, into the body of the house, some forty feet below, sustaining severe injuries. The point at which he stood immediately prior to the fall, to the guard rail, was at least five feet six inches distant, and the guard rail was one foot two inches above the parapet, which was two feet high. The gallery floor was built at an angle of 55 degrees from a horizontal line. It was also shown that in a few places the guard rail was somewhat loose the day after the accident, but was in position everywhere. Upon this state of facts, the complaint was dismissed at the close of the plaintiff's case, with directions that the exceptions be heard at the general term in the first instance.

To entitle a plaintiff to go to the jury in an action of this kind, he must establish affirmatively that he was without fault, and that the defendant was guilty of some negligence. It is clear from the evidence that the primary cause of the accident was the slipping or stumbling of the plaintiff on the floor of the third row of seats. He says: "My foot slipped under me; for what I cannot say, but over I went, and I knew no more until I found myself in Bellevue, the next morning." He further testified he did not know whether he slipped or stumbled, and then continues: "There was something slippery on the floor. I do not know what tripped me; something slippery on the floor; I cannot say what it was. * * * I do not know what made me fall; only something slippery under my feet." There is not a particle of evidence that the defendant was in any way guilty of negligence which caused this slipping or stumbling. On the other hand, it was either the plaintiff's heedlessness in not looking where he stepped, or the result of an unavoidable accident, in neither of which cases would the defendant be liable. The result of this slipping or falling was to precipitate the plaintiff on or over the persons sitting in the first and second rows, and over the guard rail, into the orchestra.

As the distance from where he stood when he fell, to the guard rail, was $5\frac{1}{2}$ feet, it is inconceivable that he would have fallen over the parapet had the seats been empty.    His falling upon the persons sitting in those seats naturally caused an involuntary recoil on their part, which probably gave him the impetus over the guard rail, and surely this involuntary act on the part of the guests in the theater cannot be charged as negligence on the part of the defendant, pro vided he was not responsible for the situation giving rise to the fall.

But it is claimed on behalf of the plaintiff that the defendant was negligent in that he did not have a second guard rail on the parapet, high enough to prevent such an accident; and that the one that was there was not firm.    The only proof as to the looseness of the guard rail was its condition the day after the accident happened, when several of the stanchions supporting the rail were found to be loose. But it was not shown that they were loose before the accident at the point where the plaintiff struck the rail, if he struck it at all; and it is difficult to understand how this in any way contributed to the accident, as the stanchions were fastened to the floor, and were all in position on the morning that some of them were discovered to be loose. Nor can we see why the defendant was guilty of negligence in not having a second guard rail higher up, to prevent such an accident. The guard rail, as we understand it, was not originally erected for the purpose of preventing such an accident, but as a provision for safety to those sitting in and passing along the front row.    Although this theater had been used for many years previously, no such accident had ever occurred; and the question then comes down to this, should such an accident have been reasonably foreseen and provided against? The rule must be applied with reference to the situation of the property and its apparent arrangement for the conduct of the business, and in such cases the line must be drawn between suggestions and possible precautions and evidence of actual negligence, such as ought reasonably to be left to a jury.    Larkin v. O'Neill, 119 N. Y. 225, 23 N. E. 563.    Of course, the possibility of slipping would be apparent to any one; but that such a slip would cause a fall over the space of $5\frac{1}{2}$ feet between the step and the guard rail, we think, is scarcely to be apprehended.

It may be conceded in this case that the plaintiff was not a mere licensee, but was invited to the theater for the benefit of the defendant.    In that case the rule of law is that the defendant must exercise reasonable care and diligence to make and keep the place to which the plaintiff was invited in a reasonably safe condition.    Camp v. Wood, 76 N. Y. 92.    The defendant was not bound to insure the plaintiff against any accident or injury whatever, but only such as a prudent man would have foreseen as a likely result of the condition of his theater; and his duty was fulfilled when he made the place as little dangerous as such a place could reasonably be, having regard to the contrivances necessarily used in carrying on the business.    Bigelow, Lead. Cas. Torts, 682; Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Larkin v. O'Neill, 119 N. Y. 221, 23 N. E. 563; Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273; Loftus v. Ferry Co., 84 N. Y. 460; Heath v. Exhibition Co. (Sup.) 11 N. Y. Supp. 357.    A second guard

456        NEW YORK SUPPLEMENT, vol. 36.        . [Com. Pl.

rail might or might not have prevented the accident.    It would cer-
tainly have materially interfered with the use of the gallery for the
purposes for which it was intended, preventing a view to a consider-
able extent of the stage.    With equal force it might have been urged
that the defendant was bound to supply strong netting in front of the
parapet to catch any one who unwarily fell over the parapet that
was actully there.
    Plaintiff also claims that the gallery was improperly constructed,
in that its floor was at an angle of 55 degrees; and a witness, an archi-
tect, was called on behalf of the plaintiff to prove this fact; but he did
not testify that this was a dangerous angle, or greater than necessary
to afford an unobstructed view of the stage, or greater than any other
theaters similarly constructed.    On the other hand, he testified:  "In
order for the theater to be used for the purposes of its business, the
second row of the gallery must be higher than the first, and so on
until you come to the top of the gallery."    And that it was safe under
ordinary circumstances is confirmed by the fact that it had been used
for many years without any such accident happening.    Lafflin v. Rail-
road Co., 106 N. Y. 136, 12 N. E. 599.    That which never happened
before, and which in its character is such as not to naturally occur
to prudent men to guard against its happening, cannot, if, in the
course of years, it does happen, furnish good grounds for a charge of
negligence in not foreseeing its possible happening, and guarding
against that remote contingency.    Hubbell v. City of Yonkers, 104
N. Y. 434, 439, 10 N. E. 858.
    But, if the accident occurred through the defective construction of
the gallery, the plaintiff was fully aware of the defect.    He was 40
years old, had been accustomed to attend the theater for six or seven
years, had been in the gallery at least half a dozen times, and once in
the very part from which he fell.    He himself says:    "There was
nothing to prevent me from seeing the construction of the gallery to
the right or left.  *  *  * The seat and the parapet and the guard on
it were the same then [speaking of a previous visit] as on the night I
was injured."    It is a familiar principle that a person having knowl-
edge of a defect or obstruction is bound to use care, according to the
circumstances, to avoid injury to himself or property.    The arrange-
ment of this gallery was just as obvious to the plaintiff as it was to
the defendant.    He had ample opportunity for observing it, and can--
not plead in his own behalf his neglect to do so.
    We therefore think the complaint was properly dismissed, and that
the exceptions should be overruled, and judgment ordered for the
defendant, with costs.    All concur.