TRUMAN A. BLACK, Respondent, *v.* THOMAS A. MAITLAND, Appellant.

*Negligence — liability of a landlord because of a defect in the entrance to his leased store.*

A landlord is not liable in damages to a person injured by reason of a defect in a platform of iron and glass (not part of the sidewalk) connecting the sidewalk with a store rented to a tenant, where the landlord has not agreed to keep the premises in repair, and there is no evidence that the defect existed before the occupation by the tenant commenced, or that the landlord was guilty of any negligence in respect thereto.

APPEAL by the defendant, Thomas A. Maitland, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 4th day of June, 1896, upon the verdict of a jury rendered after a trial at the Westchester County Court.

*Charles Gibson Bennett*, for the appellant.

*Frederick W. Clark*, for the respondent.

BRADLEY, J.:

The plaintiff, by his complaint, alleges that a certain building owned by the defendant, and which he had rented to a tenant for the purpose of a store, was occupied by the latter as such on the 21st day of February, 1895 ; that the approach to the door of the store from the sidewalk was over a floor or platform constructed of iron and glass, covering a small vault beneath; that the glass was broken and dangerous, and that the plaintiff, in passing out of the store on that day, and without fault on his part, stepped upon one of the plates of glass, which gave way, and he was thereby injured. He also charges negligence of the defendant. Issue is taken by the answer. Consistently with the allegation of the answer it appeared by the evidence that this glass covering of the opening beneath it, designed to give light to the basement, was no part of the sidewalk proper, but was inside of it and was not, by reason of the conditions as they existed, available for use as such by people passing along the walk. It was in the approach leading from the sidewalk into the store, and used in entering and departing from it. It also appears that the building had, at the time in question, been occupied by tenant or tenants of the defendant for some years. It may be assumed, although there was no evidence on the subject, that this glass covering had at some time been placed there by the defendant, but it does not appear that he undertook to keep the premises in repair, nor is there any evidence to the effect that this glass surface, unless or until it became defective for some cause, was not entirely adequate and safe for the purpose and use for which it was designed. There is no evidence to warrant the inference that it had become defective, unsafe or dangerous at the time the occupation of the building commenced, or that the defendant was advised that it had become so prior to the

time of the accident. The only evidence as to the time it became impaired was that of one of the persons staying there, who testified that a slight crack was observable in the glass a day or so before the injury to the plaintiff, and that, until then, the witness had no knowledge that it was not in perfect condition. No support, therefore, is seen in the evidence to charge the defendant with liability. (*Clancy v. Byrne*, 56 N. Y. 129; *Wolf v. Kilpatrick*, 101 id. 146.)

The learned court in the charge to the jury applied to the case the rule of liability of adjacent owners, charged with the duty of maintaining sidewalks in public streets, for injurious consequences resulting to others from their defective condition, and, therefore, it did not deem the negligence of the defendant a fact essential to recovery by the plaintiff. This was error. Inasmuch as the place in question was no part of the sidewalk and was not apparently open to use as such by the public, the owner or occupant was chargeable only with want of reasonable care to give safety to the use of this entrance to and into and from the building, and the burden was with the plaintiff to prove the negligence of the defendant in that respect. (*Hart v. Grennell*, 122 N. Y. 371; *Flynn v. The Central R. R. Co.*, 142 id. 439.)

The questions presented were raised by exceptions taken.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.