WIGG v. ERIE R. CO.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 81.

CARRIERS (§ 318*)—INJURY TO PASSENGER—EVIDENCE OF CARRIER'S NEGLIGENCE.

The mere facts that a railway passenger, in passing from one car into another, fell and was injured, and that the platform of one car was higher than the other by three or four inches, do not render the railroad company liable for the injury, in the absence of any evidence as to what caused the fall, or that the difference between the height of the platforms was unusual or dangerous.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

Injuries to railroad passengers while occupying positions other than regular seats, see note to St. Louis, I. M. & S. Ry. Co. v. Leftwich, 54 C. C. A. 4.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Mamie E. Wigg against the Erie Railroad Company. Judgment for defendant on directed verdict, and plaintiff brings error. Affirmed.

Charles W. Stapleton, for plaintiff in error.

Stetson, Jennings & Russell (Frederick B. Jennings and William C. Cannon, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The plaintiff was the only witness sworn. She testified that about 4:30 o'clock on the afternoon of February 2, 1906, she boarded the rear car of a train standing in the defendant's train shed at Jersey City, destined for her home at Nutley, New Jersey. She had frequently made the trip to New York and back. The train was advertised to leave about ten minutes later. The conductor, who knew the plaintiff, came forward and suggested that she would find pleasanter accommodations in the forward car. He took her parcel and she followed him. Her account of what occurred thereafter is as follows:

"Q. Then what happened? A. Well, in crossing from the rear car to the forward car I fell full length into the forward car. One car was elevated above the other. Q. You mean the platform of the car? A. I mean the platform of the car. Q. About how much? A. Well, after it all happened I looked back and it seemed to be three or four inches. It seemed to be quite an elevation."

On cross-examination she said:

"Q. Now, you say that you fell headlong into the forward car? A. Yes. Q. That is, your head and at least a part of your body went through the doorway? A. No, the door was open. You said through the doorway. Q. Your head and a part of your body went through the doorway? A. Yes. After I had been assisted to my feet I looked around and saw this difference in height of the floors between the two cars. I was in pain at the time."

This is all the testimony relating to the cause of the accident. The sole charge of negligence is based upon the alleged difference in the

height of the platforms of the two cars which the plaintiff thought to be between three and four inches. It is suggested that she may have tripped at this point. It will be observed, however, that when she looked back she was in the forward car which was higher than the rear car and, therefore, could not see with any accuracy the extent of the discrepancy between the cars, assuming that a difference in height existed. In other words, if she struck her foot against the higher platform of the forward car she could not, after entering the car and looking back at the platform, tell with any accuracy its height above the platform of the rear car. On the other hand, if the platform of the rear car were higher than the other she could not have struck her foot against the projection and it is hardly possible that the fall described by her could have resulted from stepping down three or four inches. But it will be observed that she does not say that she struck her foot against this obstruction, if it existed, or that it in any way caused the fall. All is left to conjecture. For aught that appears she may have caught her foot in her skirt or tripped on the door-sill. The precise cause of the accident does not appear and the plaintiff, upon whom rested the burden, has failed to show any negligence on the part of the defendant.

Even though it be conceded that the forward platform was higher than the other and that the plaintiff tripped thereon, we fail to see how a cause of action was proved in the absence of testimony that such construction was unusual or dangerous. The court can almost take judicial notice of the fact that the platform is frequently lower than the floor of the car and that in many cars the threshold is raised at least an inch, creating an obstruction which might cause a careless or unobservant person to stumble. Then too it is obvious that various causes which cannot be foreseen may cause a slight discrepancy in cars whose platforms as originally built were of uniform height.

The one fact which clearly appears from the proof is that the plaintiff while passing from one car to another of the defendant's stationary train fell and seriously injured herself. That the defendant was in any way responsible for these injuries has not been shown.

The judgment is affirmed.