## PENNSYLVANIA R. CO. v. O'NEIL

### (Circuit Court of Appeals, Second Circuit. April 14, 1913.)

#### No. 155.

1. CARRIERS (§ 286*)—MOVABLE TICKET BOOTH—NEGLIGENCE.

It was not negligence for a railroad company to maintain a movable ticket booth and a movable sign on a standard on the pier of a steamship company for the convenience of passengers intending to continue their journey inland by land, so as to entitle a passenger to recover for injuries sustained by falling over the sign as she stepped back from the ticket window.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1142–1148, 1150–1152; Dec. Dig. § 286.*]

2. CARRIERS (§ 286*)—DANGEROUS PREMISES—MOVABLE SIGN—LOCATION.

Defendant railroad company, for the convenience of passengers landing from steamships, maintained a movable ticket booth on the steamship company's pier, designated by a movable sign constructed on a standard placed from four to six feet from the booth. Plaintiff applied for a ticket at the window, but the agent in charge, being unable to change her money immediately, asked her to step back, and as she did so her foot came in contact with the sign standard, and she was thrown and injured. Held, that it was not negligence to place the sign on a standard near the booth, nor was it negligently placed too near the booth, and, being easily avoidable, plaintiff could not recover.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1142–1148, 1150–1152; Dec. Dig. § 286.*]

In Error to the District Court of the United States for the Southern District of New York; E. Henry Lacombe, Judge.

Action by Helen T. O'Neil against the Pennsylvania Railroad Company. From a judgment for plaintiff for $1,200, defendant brings error. Reversed.

Burlingham, Montgomery & Beecher, of New York City (Morton L. Fearey and Roscoe H. Hupper, both of New York City, of counsel), for plaintiff in error.

Arthur T. O'Leary, of New York City (J. A. O'Leary and J. M. Sullivan, both of New York City, of counsel), for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The defendant was permitted to maintain on the pier of the American Line at Philadelphia a small movable booth for the accommodation of passengers arriving from Europe where they could exchange steamship orders and procure tickets for inland points. In front of the booth was a movable sign with the words: "Railroad Tickets. Steamship orders exchanged here." This booth and sign could not be maintained in a fixed position as it was necessary to move them about so as to be near the passengers at whatever gang plank they might disembark. A photograph of the booth and sign shows that the latter was placed at the top of an upright which was made to stand by being fastened to a cross at the lower end and strengthened by braces running from a point on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the upright post, about 2 feet and 8 inches from the bottom, to the ends of the crosspieces. This sign stood about 6 feet from the booth. The signboard was approximately 28 inches wide and 16 inches high, the lower side being 6 feet and 8 inches from the floor of the pier. The accident occurred June 5, 1911, which was a dark day, but the pier was lighted from skylights and all objects were perfectly visible. The plaintiff formed in line with other passengers and, on arriving in front of the window, presented a $20 bill for her ticket. The agent in the booth informed her that he did not then have the necessary change, but would have some in a short time. He said, "Just step back, please." The plaintiff testified, "I moved back in the direction in which I had come, to the ticket booth, and had only taken one step when I went to lift my left foot, and it was caught in some obstacle and I was thrown." She saw the sign but says she did not see how it rested on the floor.

[1] There can be no pretense that it was negligent for the defendant to maintain a ticket booth for the convenience of the passengers intending to go beyond Philadelphia by rail. So, too, it was perfectly proper, if not imperative, to place a sign to indicate to passengers the location of the booth. Neither the booth nor the sign could be stationary for passengers were discharged at different gangways and the booth had to be near the passengers when they first landed at the pier. Then too, it was necessary to mount the movable sign upon a standard, as it could not be suspended. The roof was very high and to hang the sign would have involved the use of long ropes or wires. Placing the sign in this position would have been a difficult and expensive task and would have been infinitely more dangerous than placing the notice on an upright standard with a base or foot broad enough to keep it from tipping over.

[2] If then, it was not negligence to place the sign on a standard near the booth for the information of passengers, the only remaining question is, was it placed too near the booth. This must also be answered in the negative. Whether the distance was 6 feet, as the measurement showed it to be, or 4 feet, as one of the witnesses estimated it to be, is immaterial, as, in either case, ample room was allowed for the passengers to pass by the booth without coming in contact with it. There is no testimony that an accident of any kind had occurred from the use of this sign before. We have not been able to find an authority where such an act has been held to be a fault. The court can take judicial notice of the fact that in railroad stations, theater offices and other similar places, it is customary to place bars and registering turnstiles opposite the office to keep the crowd orderly and in line. It is manifest that if a purchaser suddenly steps back against these structures, he is liable to fall or receive injuries. But the books record no case, so far as we can find, where a party has recovered for injuries so received. The reason is manifest; the law expects every one entering such places to keep his eyes open and not to stumble over a perfectly obvious obstruction. The photographs show that the pier in question was occupied by freight, wagons, baggage trucks and many other objects which

a blind man might stumble over, but which any one with his senses unimpaired would certainly avoid. That the sign in question was in plain sight is admitted, that the plaintiff saw it is admitted. To hold that the defendant is responsible because she stumbled over it carries the rule of negligence to such limits that the carrier becomes an insurer of all who are injured while rightfully on its premises.

These views are, we think, sustained by the following authorities: Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Strutt v. Brooklyn R. R. Co., 18 App. Div. 134, 45 N. Y. Supp. 728; Wigg v. Erie Railroad, 174 Fed. 401, 98 C. C. A. 289; Elliott v. Chicago, M. & St. P. R. Co., 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; Commissioners v. Clark, 94 U. S. 278, 284, 24 L. Ed. 59.

The judgment is reversed.