JOSEPHINE BURNS, Appellant, *v.* FREDERICA GUSENBURGER & SON, INC., Respondent.

Supreme Court, Appellate Term, First Department, December 15, 1924.

Negligence — action for injuries suffered when step in front of defendant's store broke as plaintiff was entering store — step was outside building line — necessary to use step to enter store — question of fact as to defendant's negligence presented by plaintiff's evidence — error to dismiss complaint.

It is error to dismiss the complaint in an action to recover damages for injuries suffered by the plaintiff when a step in front of defendant's store broke as plaintiff was about to enter the store where it appears that the step was outside the building line and not on the sidewalk proper, and that it was necessary for one who wished to enter the store to use the step. The evidence raised a question of fact as to the negligence of the defendant.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, dismissing plaintiff's complaint.

*Mark Goldberg,* for the appellant.

*Fred H. Rees,* for the respondent.

LEVY, J.:

This is an action to recover the sum of $1 000 for personal injuries sustained by the plaintiff which were caused, as she alleges, by the defendant's negligence and by the maintenance of a nuisance in front of its premises. The proof of the plaintiff, so far as material to this appeal, shows that she was leaving the store of the defendant and that as she walked upon the step leading therefrom it collapsed, giving in with her, as a result of which she was physically injured. Her testimony was: " I was coming out and as I stepped on that

step there is a board there, and it gave in with me, and I fell under this way (indicating). Q. You say when you stepped on this wooden board that it gave away with you and you fell. A. I fell." Kurz, an officer of the defendant, testified: "As you leave the store there is a little step in front of the store and there is an areaway underneath there and above that areaway then this board." The proof further discloses that the board was not on the sidewalk proper, but outside of the building line, and in order to enter the store one necessarily had first to step on the board which covers the grating immediately in front of the defendant's store, and then on a step that goes directly into the store. The board was placed over the grating by the defendant. As to this he testified: " That is a cover that we put over this grating in the winter to prevent pipes from freezing, which is fastened by four cleats. Q. So it is a shed that you folks put over there to prevent the air and snow from going down into the cellar that you folks occupy? A. Yes. Q. What do you use the cellar for? A. Cleaning. Q. And that is used by your defendant corporation, isn't that right? A. Yes."

Upon the proofs thus adduced at the trial the court dismissed the complaint. The plaintiff proved a *prima facie* case and was entitled to go to the jury on the question of negligence. An issue of fact was squarely presented and the trial court was not justified in dismissing the complaint under these circumstances. (*Dutton v. Greenwood Cemetery Co.*, 80 App. Div. 352, 356.) There the court said: " That when one ' expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit.' (See, also, *Larkin v. O'Neill*, 119 N. Y. 221; *Hart v. Grennell*, 122 id. 371; *Ford v. L. S. & M. S. R. Co.*, 124 id. 493; *Flynn v. Central R. R. Co.*, 142 id. 439, 445.) " Within these authorities plaintiff certainly presented sufficient evidence to create an issue of fact as to whether or not the defendant was negligent. This issue should not have been taken from the jury, and it was clearly error to have done so. A consideration of the question of nuisance becomes unnecessary in view of the foregoing.

The judgment dismissing the complaint should be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.