WILLIAM H. PHILLIPS, Appellant, v. JOSEPH WILPERS, Respondent.

(GENERAL TERM, THIRD DISTRICT, SEPTEMBER, 1869.)

The plaintiff suspended a scaffold, in front of a house upon which he was employed as a painter, by fastening one of the ropes attached thereto to the chimney of the defendant's adjoining house, without the latter's permission; as he stepped upon it, on returning to his work, the rope untied from the chimney and he received injuries by the fall of the scaffold for which he sued the defendant. Upon the trial it appeared, that the defendant, having been informed that the rope was fastened to, and that it endangered his chimney, was afterward, on the day preceding the acci-

dent, seen upon his roof handling the rope; that afterward, when charged with causing the accident he did not deny it, but offered to pay for medical attendance to the plaintiff, if not excessive in amount. At the close of the plaintiff's testimony the court refused a nonsuit; but after the defendant had given evidence contradicting that of the plaintiff, and tending to show that it was manifestly untrue, and had himself sworn, that he did not touch the rope, or know what was suspended to it, on renewal of a motion, therefor, it was granted:—*Held,* that the evidence should have gone to the jury, and the nonsuit was wrong.

*Held* further, that the defendant was not justified by the plaintiff's trespass, in recklessly unloosening the rope; and that it was for the jury to say whether he did unloosen it, and if so, whether he exercised proper care in ascertaining what was fastened to it.

THE plaintiff was by trade a painter, and for the purpose of painting the front of a three story house in the city of Albany, fastened one of the ropes of his scaffold, by tying it to the chimney of the house adjoining, which belonged to, and was occupied by the defendant; and having been injured on account of the falling of the scaffold, brought a suit to recover damages therefor from the defendant.

Upon the trial, he proved that the accident happened on Monday morning, as he went upon the scaffold to his work; that the scaffold had been hung and carefully tried on the previous Saturday; that the rope in question was securely tied to the chimney, and that the scaffold fell on account of its having unfastened therefrom. One Smallman, a boy of the age of fourteen years, testified for the plaintiff, that he saw the defendant on the evening preceding the accident, on the roof of his house along side of the chimney, with the rope of the scaffold in his hands; the witness testified, that he saw the defendant under such circumstances, while he, the witness, was in the yard, in the rear of the house, in a position from which he could see some three feet of the chimney. The plaintiff's brother testified, that he had charged the defendant with causing the accident, soon after its occurrence, and with untying the rope, and that the defendant was excited and troubled, and did not deny the charge, and in reply to a suggestion from the witness, that he would pay the doctor's fees, &c., said, that he would if they were not made too big.

Phillips *v.* Wilpers.

The defendant testified, that he had been informed, while in his rear yard with his wife, and the boy Smallman, on the day prior to the accident, at a time corresponding with that at which Smallman claimed to have seen him on the roof, that the rope was fastened to his chimney, and to a tree, and that the chimney was likely to be injured thereby; that he then went on the roof, looked over the side, saw nothing suspended to the rope, and that it was not fastened to a tree, and without touching the rope came down, and that he did not know what was fastened to the rope. The defendant's wife testified on his behalf, that from the position in the yard, from which the witness, Smallman, claimed to have seen the defendant on the roof holding the rope, that but very little of the chimney could be seen; and that the defendant could not be seen at all. The defendant also called one Stearns, who testified that he had gone with one Latta, to the defendant's premises for the purpose of ascertaining how much could be seen from the yard of a person on the defendant's roof; that from the yard none of the front of the chimney could be seen, and but about two bricks from the top of the rear part of the chimney; that when a man stood opposite the rear of the chimney, the top of his head only could be seen. Latta, also testified, that he remained on the roof, which was shown to have been a flat roof, while Stearns was in the yard, placing himself on the rear side of the chimney, and in different positions, and that when looking down as he stood upon the rear of the chimney, he was able to see only the head of Stearns.

The court refused a nonsuit at close of plaintiff's testimony, but on application, after the defendant's testimony had been given, granted it, and the plaintiff appealed.

*R. W. Peckham, Jr.,* for the appellant.

*Isaac Lawson,* for the respondent.

Present—INGALLS, HOGEBOOM and PECKHAM, JJ.

By the Court—INGALLS, P. J.    At the conclusion of the

evidence upon the application of the defendant's counsel the court directed a nonsuit, and refused to submit the case to the consideration of the jury. After a careful examination of the evidence we have arrived at the conclusion that the non-suit should not have been granted. To justify the court in withholding a cause from the jury, the case should be very clear, so much so, that no reasonable doubt can be entertained in regard to the facts. In this case, the evidence shows that the rope was securely fastened to the defendant's chimney and did not break; the witness, Smallman, testifies that on Sunday he saw the defendant upon the roof having hold of the rope. It further appears that the defendant was informed before he went upon the roof, that the rope was attached to the chimney and to a tree, and that by the blowing of the wind the chimney might be injured if the rope was allowed to remain. There is also the additional evidence that after the plaintiff was injured the defendant was informed of it, and charged with having caused it, which he did not deny, but stated substantially that if the expense for medical attend-ance was not excessive he would pay it. It is insisted by the defendant's counsel that the defendant denies under oath that he touched the rope, or that he agreed to pay the expenses, and further insists that the evidence shows that the witness Smallman, could not have seen the defendant upon the roof near the chimney, from the place where Smallman was located. These were considerations proper to be submitted to the jury. In cases where the evidence is conflicting, and particularly where a question of credibility is raised it is unusual to withhold the case from the jury. In the hurry of the circuit little time is allowed for anything like a deliberate and careful consideration of the evidence. Doubtless the learned judge was strongly impressed with the conviction that the plaintiff's case was so far disproved and overcome by the evidence on the part of the defendant, that the verdict of the jury if rendered in favor of the plaintiff could not be upheld. It is quite possible that the jury might have taken quite as favorable a view of the evidence in favor of the

Phillips *v.* Wilpers.

defendant. I think the plaintiff was entitled to the privilege of taking that risk. It is further insisted by the counsel for the defendant, that the defendant was justified in removing the rope because it was attached to the chimney without his permission. That would be so under certain circumstances, but that right must be exercised in such manner as not to betray a reckless disregard of the safety of others. A technical trespass would not justify the infliction of irreparable injury, and the assertion of a right must be qualified by a reasonable regard for the security of others. It is said that the defendant had no reason to infer that the rope sustained the scaffold. I think it was for the jury to say whether he should not have ascertained the fact before he loosed it, and whether it should not have occurred to a reasonable mind that the rope was attached to the chimney to subserve some purpose, and not placed there through mere wantonness. If the defendant intended to remove the rope, which he doubtless had a right to do properly, he was bound to exercise reasonable prudence, and to have accomplished the work in such manner as to give notice to those who could be affected thereby. If the jury should conclude that the defendant only partially unloosed the rope, so that while it appeared to those who went upon the scaffold to be secure, yet when weight was applied it gave way, they might regard it little better than a trap well calculated to produce serious injury. Under such circumstances, an act which in itself might be lawful, would, by the manner in which it was executed, become unlawful and subject the party to damages. In discussing this case, we do not intend to be understood as even intimating what conclusion should be drawn by the jury from the evidence, conflicting as it is, but our object, is simply to ascertain, whether the evidence, so overwhelmingly preponderated in favor of the defendant, as to justify taking the case from the jury. We are of opinion that the nonsuit was improper, and that a new trial should be ordered, with costs to abide the event.

New trial granted.