DENNIS LARMORE, Respondent, v. THE CROWN POINT IRON Co., Appellant.

A person who goes upon the land of another, without invitation, to secure employment from the owner of the land, is not entitled to indemnity from such owner for an injury happening from the operation of a defective machine on the premises, not obviously dangerous, which he passes in the course of his journey. Although it may be shown that the owner might have ascertained the defect by the exercise of reasonable care, he owes no legal duty to a stranger so coming upon his premises, which requires him to keep the machinery in repair.

The case distinguished from one where the person injured is an employe of the owner, or where the injury is caused by some dangerous thing placed by the owner upon the premises, without giving warning thereof, or where the owner, in the prosecution of his own purpose or business, invites another, either expressly or impliedly, to come upon his land, who is injured by unreasonable or concealed dangers, or where a licensee is injured by some affirmative negligence.

(Argued January 26, 1886; decided February 9, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made the second Tuesday of September, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*M. D. Grover* for appellant. Defendant owed plaintiff no duty; he was, when injured, a trespasser or mere licensee upon defendant's premises. (*Severy* v. *Nickerson*, 120 Mass. 306; 21 Am. Rep. 514; *Sullivan* v. *Waters*, 14 Ir. C. L. 466; *E. & T. H. R. R. Co.* v. *Griffin*, 100 Ind. 221; 50 Am. Rep. 783; *Wright* v. *Rawson*, 3 N. W. Rep'r, 726; *Dogget* v. *Ill. Cent. R. R. Co.*, 34 Ill. 284; *Balch* v. *Smith*, 7 H. & N. 723; *Nicholson* v. *Erie R. Co.*, 41 N. Y. 534; *Sutton's Case*, 66

id. 243; *Southcote* v. *Stanley*, 1 H. & M. 246; *Victory* v. *Baker*, 67 N. Y. 366.)

*Matthew Hale* for respondent. Defendant was bound to use reasonable care in the construction of the whimsey. (Shearm. & Redf. on Neg., § 590; *Cowley* v. *Sunderland*, 6 H. & N. 565.) The accident could not have happened without negligence on the part of defendant. (Shearm. & Redf. on Neg., § 13; *Byrne* v. *Boadle*, 2 H. & C. 722; *Miller* v. *St. John*, 57 N. Y. 567, 570; *Kearney* v. *London, etc.*, *R. R. Co.*, 5 Q. B. 411; L. R., 6 Q. B. 759; *Caldwell* v. *N. J. Steamb't Co.*, 47 N. Y. 282, 291, 293.) Plaintiff was not, under the circumstances, a trespasser or a mere licensee. (Shearm. & Redf. on Neg., § 498; *Beck* v. *Carter*, 68 N. Y. 283; *Corby* v. *Hill*, 4 C. B. [N. S.] 556; *Chapman* v. *Rothwell*, El., Bl. & El. 168; *Smith* v. *Docks Co.*, L. R., 3 C. P. 326; *Indermaur* v. *Dames*, 2 id. 311; *Holmes* v. *N. E. R. R. Co.*, 4 Exch. 254; 6 id. 123; *Barry* v. *N. Y. C. R. R. Co.*, 92 N. Y. 289, 293.)

ANDREWS, J. We are unable to perceive, upon the evidence, that any duty rested on the defendant to keep the *whimsey* in repair for the protection of the plaintiff. The defendant for its own purposes, and in the prosecution of its business, had constructed a machine for raising ore from its mines. It consisted of an upright, or mast, in which a lever was inserted by the device of a mortise and tenon, and as an additional precaution for keeping the lever in place, an iron pin was driven through the mast and tenon. The machine was worked by attaching horses to the end of the lever, by means whereof, a bucket filled with ore, was raised from the mine to the surface of the ground, and when discharged, the bucket by its own weight descended, turning the lever with some rapidity in its descent. The lever on the occasion in question, while the bucket was descending, was thrown out of the socket at the mast, and flying around, hit and broke the legs of the plaintiff, who was in a path leading to one of the pits worked by the defendant. The machine had been in use several years without accident. It appeared on

examination of the lever, after the occurrence in question, that the pin which held it to the mast, had broken through the wood of the tenon back of the point where the pin passed through it, and the lever not being firmly held to its place by the other arrangements, came out and caused the injury. There was evidence that other and surer precautions might have been, and in other mines, had sometimes been taken, to secure the lever to the mast, than those adopted by the defendant. But the judge excluded the question of faulty construction from the jury, and submitted to them as the sole ground of negligence, to be considered, whether the defendant had omitted to make proper inspection of the machine, to discover defects arising after its original construction, or to make proper repairs to render it safe.

The negligence of the defendant, if any, upon the case as presented, consisted in an omission to take affirmative measures to ascertain and remedy defects in a machine originally suitable, developed by use, and which might have been discovered by proper inspection. It may be assumed, and the assumption is justified by decided cases, that as to persons standing in certain relations to the defendant, a duty rested upon the company to exercise reasonable care in the maintenance and reparation of the machine, and that a failure to perform it, would subject the defendant to liability to persons occupying such special relations, who should sustain injury from the omission. But the plaintiff stood in no such relation to the defendant, as imposed upon it the duty to keep the machine in repair. He was, at the time of the accident in every legal sense, a stranger to the defendant. He had before that been employed by the superintendent of the company to work by the day, and had been assigned to a particular service, which, however, he had abandoned two days before the accident, and on the day of the accident he went upon the defendant's land to seek further employment at a pit to which the path used by the workmen led on which he was standing when the accident happened. He was on the premises at most by the mere implied sufferance or license of the defendant, and not on its invitation express

or implied, nor was he there in any proper sense on the business of the company. The suggestion made to him by the foreman at pit No. 5, two days before the accident, on the occasion of his refusing to work at that pit any longer on account of the supposed danger, that he could probably " get a chance " at some other pit was not an authority or invitation by the company to him to visit the other pits on the premises. The foreman had no authority to give the plaintiff permission to go elsewhere upon the defendant's lands, and the suggestion was obviously a mere friendly one made by the foreman in the interest of the plaintiff. The fact that the plaintiff had on going to pit No. 10, engaged to commence work there on the following Monday, did not change his relation to the defendant, or make him other than a mere licensee on the premises. He went there on his own business, and in returning he was subserving his own purposes only. The precise question is whether a person who goes upon the land of another without invitation to secure employment from the owner of the land, is entitled to indemnity from such owner for an injury happening from the operation of a defective machine on the premises not obviously dangerous, which he passes in the course of his journey if he can show that the owner might have ascertained the defect by the exercise of reasonable care. We know of no case which goes to this extent. There is no negligence in a legal sense which can give a right of action, unless there is a violation of a legal duty to exercise care. The duty may exist as to some persons, and not as to others, depending upon peculiar relations and circumstances. An employer is required to take reasonable precautions and to exercise reasonable care in providing safe machinery and appliances for the use of his servant. The duty arises out of the relation. (*Fuller* v. *Jewett*, 80 N. Y. 46.) The owner of land in general may use it as he pleases, and leave it in such condition as he pleases. But he cannot without giving any warning, place thereon, spring-guns, or dangerous traps which may subject a person innocently going on the premises, though without actual permission or license, to injury, without liability. The value of

human life, forbids measures for the protection of the possession of real property against a mere intruder, which may be attended by such ruinous consequences. The duty in this case grows out of the circumstances, independently of any question of license to enter the premises. (*Bird* v. *Holbrook*, 4 Bing. 628.) So, also, where the owner of land in the prosecution of his own purposes or business, or of a purpose or business in which there is a common interest, invites another either expressly or impliedly to come upon his premises, he cannot with impunity expose him to unreasonable or concealed dangers as for example, from an open trap in a passageway. The duty in this case is founded upon the plainest principles of justice. (*Corby* v. *Hill*, 4C. B. [N. S.] 556; *Smith* v. *London & St. K. Docks Co.*, L. R., 3 C. P. 326; *Holmes* v. *North Eastern Railway Co.*, L. R., 6 Exch. 123.) The duty of keeping premises in a safe condition even as against a mere licensee may also arise where affirmative negligence in the management of the property or business of the owner would be likely to subject persons exercising the privilege theretofore permitted and enjoyed to great danger. The case of running a locomotive without warning over a path across the railroad which had been generally used by the public without objection, furnishes an example. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289. See, also, *Beck* v. *Carter*, 68 id. 283.) The cases referred to proceed upon definite and intelligible grounds, the justice of which cannot reasonably be controverted. But in the case before us, there were no circumstances creating a duty on the part of the defendant to the plaintiff to keep the whimsey in repair, and consequently no obligation to remunerate the latter for his injury. The machine was not intrinsically dangerous; the plaintiff was a mere licensee; the negligence, if any, was passive and not active, of omission and not of commission. Under the circumstances, we think the motion for nonsuit should have been granted. (See *Severy* v. *Nickerson*, 120 Mass. 306; *Hounsell* v. *Smyth*, 7 C. B. [N. S.] 731.)

The judgment should therefore be reversed, and a new trial ordered.

RAPALLO, EARL and FINCH, JJ., concur; DANFORTH, J., concurs in result; RUGER, Ch. J., dissents; MILLER, J., does not vote.

Judgment reversed.