Sedgwick, Ch. J.
The action was for damages from the negligence of defendants.
The plaintiff had been employed by defendants to do some carpenter work near an • elevator, which was in the use and possession of defendants. For a purpose connected with that work, the plaintiff stood upon the platform of the elevator, and to “ steady himself ” as he testified, he took hold with his hand of a chain which, with other chains, supported the elevator. This chain passed around an iron pulley. When he was thus standing, the elevator began to rise and plaintiff’s hand, while on the chain which he had grasjied, was drawn against the pulley and was injured.
On the trial, the court dismissed the complaint.
The learned counsel for respondents argues that the judgment should be affirmed upon two grounds.
The first is, that on the whole evidence, it appears that the plaintiff himself, started the elevator. The evidence on this point would have justified the jury in finding that the plaintiff was not the cause of the elevator starting, although on the other hand, a verdict to the contrary might be sustained. The jury was the judge of what was the cause of the elevator moving.
The second ground is, that the plaintiff was negligent in taking hold of the chain. There is no doubt that this act contributed to the result, of the hand being hurt. It would only be a negligent act, upon the assumption that the plaintiff ought to have anticipated the likelihood or possibility of the elevator starting and endangering the *234 hand. There are no facts to show that the plaintiff, as matter of law, should have anticipated the danger. This matter was also for the jury.
Judgment reversed, and new trial ordered with costs to abide the event.
Freedman, J. concurred.
Ingraham, J.
The elevator on which the accident happened was under the control of the defendants or their agents. There is no evidence that the elevator was out of order or that it would move unless some one started it.
There was evidence from which the jury could find that the plaintiff did not start the elevator, and on the testimony it would be a question for them to say whether the elevator moved by reason of any negligence of the defendants or their agents.
The plaintiff was lawfully upon the premises and when the owner of lands in the prosecution of his own purposes or business, invites another, either expressly or impliedly, to come upon his premises, he cannot with impunity expose him to unreasonable or concealed dangers ; Larmore v. Crown Point Iron Co., 101 N. Y., 395.
Plaintiff came to work on this elevator by invitation of the defendants. While there, he took the ordinary risks incident to the work he was sent to do; but the defendants were bound not to expose him to unreasonable danger which could not be foreseen, and which the exercise of ordinary care on the part of the defendants or their agents or servants would have prevented.
If then, plaintiff was exposed to such danger by reason of the negligence of the defendants or their servants, and there was no negligence .on his part, and he was injured, I think the defendants are liable.
It was a question therefore for the jury to say whether or not the defendants or their agents negligently started the elevator.
*235 I concur therefore, that the judgment should be reversed.