JAMES MALLOY, Appellant, v. THE STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY, Respondent.

*Ownership of a wharf — when assumed to be private — damages for personal injuries — negligence.*

In an action brought to recover damages for personal injuries sustained upon a pier in the city of New York, which was inclosed from the street, it must be assumed that the pier was a private pier in the absence of any evidence as to the source or character of the defendant's title thereto.

In an action brought to recover damages for personal injuries it was shown that the plaintiff went upon a wharf occupied by the defendant corporation to fish. East of the wharf was a ferry slip also occupied by the defendant. The slip was constructed of piles driven into the river and planked on the inside. The west side of the rack of piles forming the slip was about five feet from the east side of the wharf, and into that space the plaintiff dropped his fish line, and sat down on the edge of the wharf with his legs over the side. A ferry boat entering the slip struck against the rack, forcing it over towards the dock, and the plaintiff's legs were caught and crushed between the rack and the dock.

*Held*, that, under the circumstances, assuming the wharf to be the private property of the defendant, the plaintiff must be treated as a trespasser, and that there was no negligence on the part of the defendant.

APPEAL by the plaintiff, James Malloy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 15th day of November, 1893, upon a dismissal of the complaint directed by the court after a trial at the Kings County Circuit.

*Benedict & Benedict*, for the appellant.

*Tracy, Boardman & Platt*, for the respondent.

BROWN, P. J.:

The plaintiff in this action received injuries under peculiar circumstances.

On the 19th day of August, 1891, he went upon a wharf occupied by the defendant in the city of New York to fish. East of the wharf was a ferry slip also occupied by the defendant. The slip was constructed of piles driven into the bottom of the river and planked on the inside.

The west side of the rack was about five feet from the east side of the wharf, and into that space plaintiff dropped his fish line and sat down on the edge of the wharf with his legs over the side.

A ferry boat entering the slip struck against the rack, forcing it over towards the dock, and plaintiff's legs were caught and crushed between the rack and dock.

The foundation of the appellant's argument for a reversal of this judgment is that the wharf where the accident occurred is a public street. I am unable to find in the case any foundation for this claim.

The complaint alleges and the answer admits that the defendant " is the owner of a franchise under which it operates a ferry between Staten Island and New York  *  *  *  and  *  *  *  the lessee and occupant of a wharf and ferry slip in the East river," etc.

The source of defendant's title is not shown nor does it appear that the wharf is at the river end of any street of the city. On the contrary, it does appear that it was shut off from the street in front of it by a solid building, and access was had to it through gates controlled by the defendant. The only access to it was through this gate or over property of other persons.

A public street leased to and occupied by a private individual, and from which the public was excluded, as they appear to have been from this, would be an anomaly.

Omitting any reference to the legislation with reference to the water front of the city of New York along the shores of the Hudson and East rivers, it is sufficient to say that numerous piers about the city are now made the subject of private ownership and control. The general course of legislation upon this subject is set

forth quite fully in recent cases in the Court of Appeals. (*Langdon* v. *The Mayor*, 93 N. Y. 129 ; *Williams* v. *The Mayor*, 105 id. 419 ; *Kingsland* v. *The Mayor*, 110 id. 569.)

While originally the wharves and exterior streets which were constructed at the expense of or by riparian owners were made public and open to the commerce of the port and the free access of the people, later legislation has modified the prohibitions and restraints of the earlier law. And now many of the piers and wharves on the river front are occupied by steamship and railroad companies and by private individuals by titles which are for the time being practically that of private ownership.

Under the allegations and admissions of the pleadings, and in the absence of any evidence as to the source or character of the defendant's title, we must assume that the wharf in question was a private pier.

It was inclosed from the street, and the plaintiff had no right there. The defendant had no notice that he was there and was under no duty or obligation to him in reference to the management of its boat.

He went upon the wharf in a roundabout way, getting access from adjoining property, and must be treated as a trespasser.

Under such circumstances there was no negligence upon the part of the defendant, and the complaint was properly dismissed. (*Victory* v. *Baker*, 67 N. Y. 366 ; *Larmore* v. *Crown Point Iron Co.*, 101 id. 391.)

The judgment should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.