(36 App. Div. 262.)

## SPECKMAN v. BOEHM.

(Supreme Court, Appellate Division, Second Department.   January 3, 1899.)

1. INJURIES TO TENANT'S SERVANT—LIABILITY OF LANDLORD.
    Defendant, who, as an inducement to the leasing of his premises, gave the lessee license to take shelving from an unused basement, is not liable for injuries to the lessee's servant who, in attempting to get the shelving, broke through a defective floor, which defendant did not know was dangerous.

2. SAME—SUFFICIENCY OF EVIDENCE.
    Prior to the injury of a tenant's servant by a defective floor in defendant's basement, defendant was informed by a prospective tenant that the floor was unsuitable for use, and promised to relay it if the room was rented; but there was nothing to indicate that it was dangerous, and the tenant, who sent the servant into the room, knew the condition of the floor.   *Held* insufficient to show that defendant was negligent.

Appeal from trial term, Kings county.

Action by Frederick Speckman against Abraham Boehm.   There was judgment for plaintiff, from which defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Franklin Pierce (John Jeroloman, on brief), for appellant.
Donald F. Ayres, for respondent.

CULLEN, J.   The defendant was the lessee of a building in the city of New York, the various floors of which he sublet to other tenants.   In June, 1896, Alfred Stover hired the top floor of the premises by a written lease.   At this time the basement of the premises was vacant.   Stover testified that, as an inducement to lease the premises, the defendant told him he might have some shelving and other material in the basement with which to make partitions.   This statement the defendant denied.   Subsequently, Stover sent the plaintiff into the basement, to obtain the shelving.   The basement was large, and rather dark.   While the plaintiff was at the far end of the basement, getting the shelving, he broke through some of the boards which constituted the flooring, and received the injuries which are the subject of this action.   The evidence tended to show that these boards had broken because of their decayed condition, a decay probably caused by the conduct of the former tenant in allowing water to drip and stand on the floor.   The only evidence to charge the defendant with notice of this condition was the testimony of a witness who accompanied the defendant and a third person, who contemplated leasing the premises, into the basement.   This testimony was to the effect that the proposed tenant spoke of the floor not being in good condition, to which the defendant answered that, if he took the basement, he would repair the floor.   This was about two or three weeks before

the accident.    At the time, the three persons went all over the base-ment, and the witness saw no holes in the floor, and there seems to have been nothing that excited the fear of any of the parties as to its safety.    Stover went with the defendant into the basement, and the latter pointed out to him the shelving he might obtain.    Subse-quently Stover sent the plaintiff into the cellar to take the lumber. The basement was kept locked.

We are of the opinion that the evidence was insufficient to show negligence on the part of the defendant.    The case is not at all similar to that of a store or shop which the owner invites the public to enter, nor to that of a factory or workshop which the owner is bound to see is safe and secure for persons entering upon business or in the discharge of their employment.    We are inclined to the opinion that the plaintiff is to be considered as no more than a licensee.    The written lease gave Stover no right to enter the base-ment, nor to take the lumber; and therefore the right given him by the defendant must be considered a mere privilege to be exercised for Stover's own benefit.    "The principle appears to be that invita-tion is inferred where there is a common interest or mutual advan-tage, while a license is inferred where the object is the mere pleasure or benefit of the person using it."    Camp. Neg. § 33, cited with ap-proval in Bennett v. Railroad Co., 102 U. S. 577.    If the plaintiff is to be regarded as a mere licensee, it is clear that the defendant was not answerable for the unsafe condition of the premises, unless such condition was in the nature of a trap, and the defendant was aware of that condition.    He was not responsible for negligence, passive, not active, nor of omission, and not of commission.    Larmore v. Iron Co., 101 N. Y. 391, 4 N. E. 752; Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673; Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987.    But if we construe the permission given Stover to remove the shelving, since it was offered as an inducement for him to hire the upper floor, as more than a license, and as constituting an invitation to enter the basement, still the invitation was not the same as that extended by a storekeeper to the public.    In the latter case the invi-tation implies an affirmative assurance that the premises are safe and secure for persons who may enter thereon; and it is the duty of the owner at all times to be vigilant to see that such safety and security are attained.    But the basement, at the time Stover received permission to enter it, was vacant and unused.    Stover, according to his statement, was twice in the basement, once with the defendant, when the latter pointed out the shelving which Stover could take. He saw as much of the flooring, and knew as much of its condition, as the defendant did.    If the appearance was such that a prudent man should have been aware of the dangerous condition of the floor, Stover was as much bound to take notice of the danger as the defendant; and, if warning should have been given to any stranger entering the basement to be on his guard against the danger of accident, it was Stover upon whom the duty rested to give such warning when he sent his servant to remove the shelving.    It can hardly be argued that it was the duty of the defendant to have repaired or have relaid his floor before he gave permission to any one to remove articles from

the basement.   If he had known of the danger of the floor breaking through, it would undoubtedly have been his duty to have warned any stranger against the danger he was incurring in entering the premises; but of this danger Stover was as well informed as the defendant.   Stover saw the extent and character of the privilege given him, and he took it, such as it was.   The learned trial court charged the jury that "it was the duty of the landlord (the defendant) to exercise the reasonable care of a prudent man not to suffer the continuance of any defect or condition which he had reasonable cause to believe would cause injury to any one rightfully on that floor," and that "the fact that the defendant did not actually know of the decayed condition of the floor would give him no immunity from liability, if in the exercise of reasonable care he should have discovered its condition."   We think this charge was, as applied to the facts of this case, erroneous, and that the defendant should have been held liable only in case he had knowledge of the dangerous condition of the floor, and failed to give proper warning. . The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

Judgment and order reversed, and new trial granted; costs to abide the event.   All concur.