### CALLAN v. PUGH.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. INDEPENDENT CONTRACTORS—NEGLIGENCE—EVIDENCE—PRESUMPTION.

> Where plaintiff, an employé of an independent contractor, was injured by the falling of an arch under which he was excavating, the evidence of one witness to the effect that he had seen "a colored man belonging" to defendant, the owner of the building, at work under the arch a short time before plaintiff was injured, was insufficient to create a presumption that such colored man was in the employ of defendant, and to impute negligence to defendant therefrom.

2. SAME—OWNER—SAFE PLACE FOR WORK—DUTY.

> The owner of real estate does not owe to a person employed on his premises in the service of an independent contractor the duty to furnish a safe place for work, and for omission to do so he is not liable in damages.

3. SAME.

> Plaintiff was injured, while in the employ of an independent contractor, who was repairing defendant's building, by the falling of an arch under which he was excavating. The only evidence connecting defendant with knowledge of the defective arch was the testimony of one witness to the effect that he saw "a colored man belonging to" defendant working under the arch just before plaintiff began work there. The contractor had discovered the condition of the arch before plaintiff had commenced work, and had one of his men assist the colored man to carry jackscrews weighing 150 pounds each for the purpose of shoring up the same, but the jackscrews were not placed in position. Held, that the evidence was insufficient to show that the colored man was in the employ of defendant, and that defendant was chargeable with the negligence that resulted in plaintiff's injuries.

Appeal from trial term, Kings county.

Action for personal injuries by William J. Callan against Paul B. Pugh. From a judgment of the trial term dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

William C. Beecher, for appellant.

H. Snowden Marshall, for respondent.

GOODRICH, P. J. The complaint alleged that the defendant was the owner of a building on Fifteenth street, in the borough of Manhattan; that the plaintiff was a bricklayer working in the cellar in constructing a pier with the permission of the defendant; that above the place where the plaintiff was working was a covering of stone, which, through the defendant's negligence, was dangerous and unsafe, and known to defendant to be so; and that by reason of defendant's negligence the covering collapsed, and fell upon the plaintiff. At the opening of the trial the defendant moved to dismiss the complaint on the ground that it failed to state a cause of action, and the motion was denied. At the close of the plaintiff's case the defendant again moved to dismiss the complaint. The court granted the motion, and the plaintiff appeals.

The evidence showed that the plaintiff was in the employ of John Batten, who had a contract for putting up the brickwork of the building. Batten was also doing as extra work the excavation of the cellar and digging out a place for the foundation of a wall to be built under an arch covering a vault which was under the sidewalk and outside of the building. The defendant gave Batten five dollars to pay for this last-mentioned work. At the time of the accident the foundation of the front wall had been started. The inner spring of the arch had been shored up on jackscrews, and there was a space between it and the area wall upon which the plaintiff was at work. The plaintiff was sent to work at the place where the accident happened, not by the defendant, but by Samuel Batten, foreman for his brother, John. He had been at work only a few minutes when the arch fell upon him. It appeared that some work had been done at the place in question by a colored man named Dan in taking down a wall, and there was some evidence tending to show that his work had weakened the support of the arch; but there is no evidence as to the relation of Dan to the defendant except that he had been working two or three days, and that the defendant saw him working there. The only other evidence is that of Samuel Batten, who testified: "Q. Did you see anybody removing the old wall, the vault? If so, who removed it? A. A colored man belonging to Mr. Pugh, I think. His name was Dan." This was not sufficient to raise a presumption that Dan was in the employment of the defendant. He might have been there in the employment of any other contractor on the building, or as an independent contractor, and it would not have been proper to permit the jury to speculate and find on such slight evidence that he was in the employ of the defendant. This position is emphasized by the fact that at the close of the evidence the attention of plaintiff's counsel was called to the fact that he had failed to show any connection between Mr. Pugh and the colored man, except by the statement of one witness that the colored man belonged to Mr. Pugh. There was no attempt to supply the

omission. But the main question in the case arises on the correctness of the ruling of the court on the motion to nonsuit, as follows: "The Court: How do you claim, Mr. Beecher, that you can recover upon your pleadings? You do not set forth that the relation of master and servant existed between the plaintiff and the defendant. (After argument, complaint dismissed. Exception.)" The appellant's counsel contends that this was error, and that the plaintiff could recover upon either of two theories: "(a) Because of the omission to perform a legal duty, and (b) because of the commission of a lawful act in a careless manner." This statement is taken, evidently, from the opinion in Nicholson v. Railway Co., 41 N. Y. 525, 529, where it was said: "Negligence consists in the commission of some lawful act in a careless manner, or in the omission to perform some legal duty to the injury of another. It is essential to a recovery in the latter case to establish that the defendant owed at that time some specific, clear, legal duty to the plaintiff or the party injured." The allegation of the complaint is that the plaintiff was working on the premises with the permission of the defendant. We must assume that the plaintiff, who was in the employ of Batten, an independent contractor doing work on the building, was lawfully there. The defendant knew of his presence in the service of his employer. What duty, then, did the defendant owe him? Certainly not the duty of securing him against injury from any negligence of his own employer. There is a clear distinction between active and passive negligence, between negligence of commission and negligence of omission. It is recognized in Larmore v. Iron Co., 101 N. Y. 391, 4 N. E. 752. It was also said in that case (page 394, 101 N. Y., page 754, 4 N. E.): "There is no negligence, in a legal sense, which can give a right of action, unless there is a violation of a legal duty to exercise care." The owner of real estate owes to a person employed on his premises in the service of an independent contractor a duty to commit no act of active negligence. I cannot find any authority which holds him liable for any passive negligence. The only evidence of any negligence on the part of the defendant which can be predicated in this case is that he did not furnish the plaintiff a safe place for his work. For any such omission the defendant is not liable to one in the service of a third person, where the evidence shows no act of affirmative negligence on the part of the owner. In Splittorf v. State, 108 N. Y. 205, 15 N. E. 322, it was held that the owner of premises owes no duty of active diligence to one going thereon either with or without license or permission, and merely for his own convenience; and is not liable for injuries resulting from an omission to keep a structure thereon in proper repair. In addition to this, the evidence shows the following facts: Batten had commenced laying some of the foundations for the wall of the building. He had built the retaining wall along the bank at the inner side of the arch. Dan had completed his work in placing two or three needles or jackscrews under the spring of the arch. Batten did not think the work secure, and directed Dan to get longer needles. These needles weighed 150 pounds each, and one of Batten's men, by his directions, assisted Dan to carry them to the place

where they were set. It is simply incredible that Dan could have set these jackscrews in their place under the wall alone, and without assistance. The only inference from the evidence would seem to be that Dan was making the change, not under the directions of the defendant, but under those of Batten, the foreman, and for this act the defendant is not liable. Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285; Higgins v. Telegraph Co., 156 N. Y. 75, 50 N. E. 500. Under these circumstances I think the nonsuit was properly granted, and that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.