ADRIANCE, PLATT & COMPANY, Appellant, *v.* THE LEHIGH VALLEY
RAILROAD COMPANY, Respondent.

*Pleading — sufficiency of a complaint alleging the ownership of goods in a warehouse,*
*adjoining the defendant's railroad, set on fire by sparks emitted from a defective*
*locomotive.*

A complaint, alleging the plaintiff's ownership of personal property stored in a
warehouse located alongside the tracks of the defendant's railroad, that the
warehouse was set on fire and the plaintiff's personal property wholly destroyed
by sparks, cinders and coals, thrown from a locomotive belonging to and oper-
ated by the defendant along the tracks by the side of the warehouse, and that
such fire was caused by the negligence of the defendant in having a defec-
tively constructed and equipped locomotive, states facts entitling the plaintiff
to recover.

It is not necessary for the plaintiff to allege in such complaint what duty the
law imposed upon the defendant, as to the protection of the property of others
against fires caused by defectively constructed locomotives operated upon its
road, or that the warehouse was not upon the defendant's lands, or that the
plaintiff was not the defendant's gratuitous licensee. If the defendant seeks
to relieve itself from liability by reason of the matters last alluded to, it is
incumbent upon it to allege such matters by way of defense.

SPRING and HISCOCK, JJ., dissented.

APPEAL by the plaintiff, Adriance, Platt & Company, from a judg-
ment of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Cayuga on the 8th day of
February, 1905, upon the dismissal of the complaint by direction of
the court after a trial at the Cayuga Trial Term.

*S. D. Bentley* and *Cogswell Bentley*, for the appellant.

*John M. Brainard*, for the respondent.

WILLIAMS, J.:

The judgment should be reversed and a new trial granted, with
costs to the appellant to abide event.

The action was brought to recover damages for the destruction of
personal property by fire alleged to have been set by the negligence
of the defendant.

There was no dispute but that the complaint sufficiently alleged
that the plaintiff and defendant were corporations, the plaintiff's
ownership of the property and its value; that the property was

stored in a building alongside the tracks of the defendant's railroad, and that the building was set on fire and the property wholly destroyed by sparks, cinders and coals thrown from a locomotive belonging to and operated by defendant and run along the tracks by the side of the warehouse, and that this fire was so set by the negligence of the defendant in having a defectively constructed and equipped engine.

It would seem that nothing more was necessary; that is, if the proofs showed these facts, the plaintiff would be entitled to recover. It was not necessary to allege what duty the law imposed upon the defendant as to the protection of the property of others against fire set by defectively constructed engines run over its road. It is said if the building was on the defendant's lands, if the plaintiff was a gratuitous licensee of the building from the defendant, the plaintiff could not recover, and that the complaint should allege the relations between the parties or that no such relation existed, in order to permit a recovery thereunder.

We think the defendant was called upon to allege these facts by way of defense if it sought to relieve itself from liability by reason thereof. The plaintiff was not bound to allege negatives; that the building was *not* on defendant's lands; that it was not defendant's gratuitous licensee. The complaint alleged ownership of the property, occupancy of the building and negligent destruction by defendant of the building and property.

If these facts were proved no presumption or inference could be indulged in that any conditions existed relieving the defendant from liability. If defendant desired the benefits of any such conditions it was bound to allege and prove them.

The court should not have disposed of the case upon the pleading, but should have taken the evidence and allowed it to be determined upon the merits.

The decision was altogether too technical. It shortened the trial, but it was hardly fair to turn the plaintiff out of court so summarily.

The judgment should be reversed as before suggested.

All concurred, except SPRING, J., who dissented in an opinion, in which HISCOCK, J., concurred.

SPRING, J. (dissenting):

The 3d paragraph of the complaint contains the allegation that on the 17th day of April, 1901, the plaintiff was the owner of certain merchandise " stored in a frame building or warehouse situated alongside of the side tracks" of the defendant, stating the value of such property.

The complaint then avers that said warehouse was set on fire and plaintiff's property burned and destroyed by cinders or coals of fire which were negligently and carelessly emitted from a locomotive engine of the defendant.

The complaint is insufficient in that it fails to show that the defendant owed any duty to the plaintiff to protect its property from these coals or cinders. The essence of the liability of the defendant for negligence is the omission or failure to respond to some specific obligation which it owed to the plaintiff.

In *Nicholson* v. *Erie Railway Co.* (41 N. Y. 525) the court say (at p. 529): " Negligence consists in the commission of some lawful act in a careless manner, or in the omission to perform some legal duty, to the injury of another. It is essential to a recovery in the latter case, to establish that the defendant owed at that time some specific, clear, legal duty to the plaintiff or the party injured."

And in *Larmore* v. *Crown Point Iron Co.* (101 N. Y. 391) the court thus states the rule (at p. 394): " There is no negligence in a legal sense which can give a right of action, unless there is a violation of a legal duty to exercise care. The duty may exist as to some persons, and not as to others, depending upon peculiar relations and circumstances."

If this warehouse was on the lands of an adjacent owner, then the defendant would be liable for its negligent destruction. If on the premises of the defendant, then its liability depends upon circumstances. If the defendant was the bailee of this property for hire, it might be chargeable with negligence. If, however, the plaintiff was a mere licensee of the defendant, the latter permitting the property to be placed in its warehouse gratuitously and for the accommodation of the plaintiff, then no liability would attach for its destruction by fire unless gross or wanton carelessness may be imputed to the defendant, and no such charge is made. (*Connelly* v. *Erie R. R. Co.*, 68 App. Div. 542.)

The plaintiff must allege and establish facts to show the existence of the relationship by reason of which the defendant may be charged with negligence. (*City of Buffalo* v. *Holloway*, 7 N. Y. 493; Abb. Tr. Br. Pl. § 256; 14 Ency. Pl. & Pr. 331; *Smith* v. *Tripp*, 13 R. I. 152; *Kennedy* v. *Morgan*, 57 Vt. 46.)

The bare allegation of the storing of the property in a warehouse is insufficient, for the defendant may or may not be liable for the burning of the property so stored. The plaintiff is making a claim against the defendant and must set forth the facts showing the validity of its demand, and at the very threshold it must show that the defendant has failed to fulfill its duty toward this property.

It is claimed that the burden is upon the defendant to allege and show that the relations of the parties were of such a character that it is not liable for negligence in destroying this property. Such a holding nullifies the principle that the foundation of the law of negligence is the omission of some definite duty which the defendant owed to the person or property injured. The person seeking to recover must not only show that the defendant was negligent, but also that the negligence results in liability for the reason that the defendant failed to perform its duty.

A railroad company must warn travelers at a highway crossing of the approach of its trains. If a traveler alleges that he was injured while crossing the tracks of the defendant through the failure of its agents to give warning the allegation is insufficient. The plaintiff must allege and prove affirmatively that he was passing over a highway crossing when the negligence occurred or something showing that signals were required of the defendant. It is not necessary for the defendant to allege or prove that the injury did not occur at a road crossing. The rule is a general one in the law of negligence that the plaintiff must allege the facts which show the duty, the relationship and its violation.

The judgment and order should be affirmed, with costs.

HISCOCK, J., concurred.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide event.