(73 Misc. Rep. 516.)

CARROLL v. STATE.

(Court of Claims of New York. March 13, 1911.)

1. NEGLIGENCE (§ 42*)—USE OF PREMISES—CARE IN GENERAL.

A landowner may make any lawful excavations on his land without fencing it to protect persons who come thereon unlawfully.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 57; Dec. Dig. § 42.*]

2. NEGLIGENCE (§ 47*)—USE OF PREMISES—CARE OF TRESPASSERS.

Though a landowner is under no duty to make his premises safe to trespassers, he may not place hidden traps thereon without a warning.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 61; Dec. Dig. § 47.*]

3. NEGLIGENCE (§ 35*)—USE OF PREMISES—EXCAVATIONS NEAR HIGHWAY.

Where the owner of land makes excavations so close to a highway that those proceeding on it are liable to fall in, he is liable to them for damages.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 35.*]

4. NEGLIGENCE (§ 32*)—USE OF PREMISES—CARE FOR SAFETY OF LICENSEES.

A landowner owes no duty of active vigilance for the safety of licensees; the only duty he owes them being not to place dangerous traps on his land, or to willfully and wantonly injure them.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. § 32.*]

5. CANALS (§ 18*)—PERSONAL INJURIES.

Where the state maintained a small uncovered wier, which carried water around a lock in a canal, on the edge of its land close to that of another, it is liable for injuries received by a person lawfully on the adjoining land who from sudden dizziness fell into the wier.

[Ed. Note.—For other cases, see Canals, Cent. Dig. §§ 20–24; Dec. Dig. § 18.*]

Claim by Lillian L. Carroll against the State of New York. Claim allowed.

D. Francis Searle, for claimant.

Thos. F. Carmody, Atty. Gen., Frank W. Brown, Deputy Atty. Gen., and M. H. Quirk, Asst. Atty. Gen., for the State.

RODENBECK, J. The claimant was the occupant of a house on Spring street in the city of Rome. Spring street runs north and south and parallel with the Black River Canal. Lock No. 2 of this canal is east of the house and a distance of about 60 feet from the rear. Between the wall of the lock and the house runs a waste wier to carry water around the lock from the upper to the lower level. This wier was about 4 feet wide and 3½ feet deep planked on the bottom and sides and having timbers at intervals extending from one side to the other for braces. The water ran swiftly in it and was about 2½ feet deep. The back steps of claimant's house extended eastward from the house, and the lowest step was about 2 feet from the westerly end of the sluice. For many years the sluice had been kept covered by planks, but in May prior to the accident the plank covering had been removed for the purpose of making repairs, and it had not been re-covered on August 2, 1909, when the accident occurred. On that day the claimant was descending the back steps of her home, and when she reached the second step from the bottom she became dizzy and was unable to control herself and fell into the sluiceway, being carried by the water, bumping and striking the timbers, bottom, and sides, for a distance of about 75 feet. She says that while walking down the steps she had her right hand upon the railing at the side of the steps until she became dizzy. Then she

let go and tried to grab it again to save herself, but was unable to do so. There was some question raised about the title to the land where the steps stood, the state claiming that the steps were on state land; but there is not sufficient evidence in the case to warrant a finding to this effect, and the proofs are sufficient to show that the claimant was not guilty of contributory negligence. Mahar v. N. Y. C. & H. R. R. Co., 5 App. Div. 22, 39 N. Y. Supp. 63; Kiernan v. Mayor, 14 App. Div. 156, 43 N. Y. Supp. 538; Palmer v. Dearing, 93 N. Y. 7.

[1] Upon these facts the question is presented as to whether or not the state is liable to the claimant for the injuries which she sustained. Under the common law there would be no liability, for the state was not bound to fence its land, and any person entering upon it without permission would be guilty of a trespass. The state could make any lawful excavation it saw fit upon its premises without fencing it to protect persons not lawfully on the land. This is the general rule and rests upon the right of the owner to use his property as he pleases. Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175; Collins v. Decker, 120 App. Div. 649, 105 N. Y. Supp. 357.

This general rule, however, is far from expressing the law applicable to the varying facts and circumstances surrounding injuries received upon the premises of another. The exceptions to the common-law rule vary according to the facts in particular cases. There are those cases where the person injured was a trespasser having no right whatever upon the premises; those where the person injured fell into an excavation upon the premises from the highway; those where the person injured was using the premises for his own convenience; those where the person injured had a license to go upon the premises; and finally those cases where the person injured was invited upon the premises. All of these cases form exceptions to the general rule and have a distinct measure of liability applicable to them, varying according to the degree of care required to be exercised by the owner or occupant of the premises.

A review of the various cases involving injuries to persons upon premises of another will be serviceable not only as a means of understanding the general principles that run through the cases, but for the purpose of more surely deducing the rule applicable to the case at bar, the facts in which are peculiar.

[2] In the case of a trespass one would think that the general common-law rule would apply, and that there was no obligation on the part of the owner of the premises to protect the trespasser, and yet the law says that the owner of premises must not place spring guns or dangerous traps upon his premises without giving warning thereof even as against trespassers, and, if he places such guns or traps upon his land without giving warning, he is liable to a person who, though without legal right upon the premises, is injured thereby. The reason given for this modification of the general rule is that:

"The value of human life forbids measures for the protection of the possession of real property against a mere intruder, which may be attended b. such ruinous consequences." Larmore v. Crown Point Iron Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718.

The owner of premises as against a poacher must abstain from willfully, wantonly, or recklessly injuring the trespasser. Magar v. Hammond, 183 N. Y. 387, 76 N. E. 474, 3 L. R. A. (N. S.) 1038.

A spring gun set without notice in a walled garden creates a liability for injuries received thereby. Bird v. Holbrooke, 4 Bing. 628.

A man who set traps upon his own ground to catch his neighbor's dogs must pay for injuries inflicted upon the dogs. Townsend v. Wathen, 9 East, 277.

"The business of life must go forward, and the fruits of industry must be protected. A man's gravel pit is fallen into by trespassing cattle, his corn eaten, or his sap drunk, whereby the cattle are killed; his unruly bull gores the intruder; or his trusty watch dog, properly and honestly kept for protection, worries the unseasonable trespasser. Such consequences cannot be absolutely avoided." Loomis v. Terry, 17 Wend. 496, 31 Am. Dec. 306.

All of which leads to the conclusion that the owner of premises is not bound to any degree of care to keep his premises in condition for use by trespassers. If there are excavations in the premises or other defects by which a trespasser might be injured, the latter takes his chances, and the owner is liable only for hidden guns and spring traps and similar devices or other means dangerous to human life, which exist or are taken, without notice or warning thereof. Phillips v. Wilpers, 2 Lans. 389.

[3] In the cases where persons have fallen from highways into adjoining excavations upon private property, there may be a trespass technically; but the law makes a distinction in those cases because the trespass was involuntary. Thus the owner of the premises is liable who has made an excavation so close to the highway that a person upon the highway has fallen into the excavation by slipping or stumbling or by reason of being affected with sudden dizziness. Burks v. So. Yorkshire Ry. Co., 113 Eng. Common Law R. 242; Hardcastle v. So. Yorkshire Ry. Co., 4 H. & N. 67; Barnes v. Ward, 9 C. B. 292; Healy v. Vorndran, 65 App. Div. 353, 72 N. Y. Supp. 877; Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657; Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175; Bond v. Smith, 113 N. Y. 378, 21 N. E. 128; Murphy v. City of Brooklyn, 118 N. Y. 575, 23 N. E. 887. In two English cases the excavation was so far from the highway that the court refused to allow a recovery, but in the Barnes Case the excavation immediately adjoined the footway, and the plaintiff recovered. In the Hardcastle Case the rule is laid down as follows:

"When an excavation is made at some distance from the way, and a person falling into it would be a trespasser upon the defendant's land before he reached it," there would be no liability.

And the court said:

"The proper and true test of legal liability is whether the excavation be substantially adjoining the way."

This is the rule that has been followed in this country in this line of cases. It is based upon the principle that in making an excavation so close to the highway the owner renders the highway unsafe and

dangerous. In the Healy Case the excavation was within 20 inches of the sidewalk, and the court said:

"When the owner makes an excavation on his own land so near to the highway as to render travel thereon dangerous and fails to guard it, he is chargeable with negligence by the person sustaining injury therefrom, in the absence of negligence on the part of the party injured contributing thereto." Page 355 of 65 App. Div., page 879 of 72 N. Y. Supp.

In the Murphy Case the excavation was adjacent to the street line, and the same rule is laid down as in the Healy Case.

"It is well-settled law that an owner of land who makes an excavation thereon adjacent to the highway so near to it as to make the highway unsafe or dangerous will be liable to a pedestrian who makes use of the highway exercising ordinary care, if he falls into the excavation and is injured." Page 259 of 73 App. Div., page 658 of 76 N. Y. Supp.

The facts in the Beck Case are somewhat peculiar; but the same doctrine is laid down. In the Bond Case the area was separated from the alley by a stone coping seven inches high and two feet wide, and, although the court refused to allow the plaintiff to recover, it laid down the same doctrine as in the other cases that the defendant had the right to maintain the areaway "unless it was manifestly and obviously dangerous to persons lawfully using the alley with ordinary prudence and care." Page 383 of 113 N. Y., page 129 of 21 N. E.

The preceding line of cases seem to shade into another line of cases where the person injured was not a trespasser and was not expressly invited upon the premises, but was there by tacit consent, and especially for his own convenience, as for instance where a person goes upon premises to secure work as was the case in Larmore v. Crown Point Iron Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718. In these cases the injured person is of course protected against hidden springs or traps as in the case of a person trespassing, but he is not entitled to the same protection that an employé upon the premises would be entitled to or a person invited upon the premises either expressly or impliedly. The liability seems to be limited to intentional, wanton, or willful acts on the part of the owner or occupier of the premises. Larmore v. Crown Point Iron Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718; Donahue v. State, 112 N. Y. 142, 19 N. E. 419, 2 L. R. A. 576; Splittorf v. State, 108 N. Y. 205, 15 N. E. 322; Downes v. Elmira Bridge Co., 179 N. Y. 139, 71 N. E. 743; Burks v. So. Yorkshire Ry. Co., 113 Eng. Common L. R. 242; Weitzmann v. Barber Asphalt Co., 190 N. Y. 452, 83 N. E. 477, 123 Am. St. Rep. 560; Walsh v. Fitchburg R. R. Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am. St. Rep. 615; Sterger v. Van Sicklin, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594. In the Larmore Case the plaintiff was upon the premises seeking employment and was injured by the operation of a defective machine and, the court said there could be no recovery. In the Donahue Case the claimant fell through a defective covering over a state feeder, which covering had been used by the traveling public, but which had never been dedicated as a public highway. Judge Gray said that, while the state owed a duty to the plaintiff to abstain from injuring him

either "carelessly or intentionally," it owed him no duty of "active vigilance." In the Splittorf Case the plaintiff was on state land for his own convenience, and again the court said that the state owed no duty of "active vigilance" to the plaintiff. In the Downes Case the plaintiff was using a route previously used by the public across a wharf which had been rendered dangerous by building operations thereon. The plaintiff failed to recover because he had not been "willfully or wantonly" injured. In the Burks Case the plaintiff was injured by reason of the nonrepair of a pier which had not yet been thrown open to the public, and the court said that the same rule applied in that case that would apply if the pier were owned by a private person, quoting the rule laid down in Thompson on Negligence (volume 1, § 945), and in the Weitzmann Case Judge Werner said that, assuming that the plaintiff was injured upon the premises used or occupied by the defendant, its only duty was to abstain from inflicting "intentional, wanton or willful injuries." In the Walsh Case a child went upon a railroad turntable, and, while turntables might be fastened when not in use so that they could not be turned, the court said that he was there by sufferance only, and that the defendant did not owe him the duty of "active vigilance." In the Sterger Case the plaintiff occupied premises adjoining those owned by the defendant, and without invitation, but merely for her convenience, passed through an opening in the fence at the rear of her premises to steps leading from the stoop in the rear of the defendant's premises, which steps were decayed and were the cause of her injuries. The court held that she was using the premises for her own convenience, and that she did so at her own risk, and that the defendant owed her no duty of active vigilance. The rule deducible from these cases is well stated by Pollock in his work on Torts, where he says:

"Persons who by the mere gratuitous permission of owners or occupiers take a short cut across a waste piece of land or pass over private bridges, or have the run of a building, cannot expect to find the land free from holes or ditches or the bridges to be in safe repair, or the passages and stairs to be commodious and free from dangerous places."

The next line of cases are those where the person injured had a license to go upon the premises in which cases the rule is stated in Cusick v. Adams, 115 N. Y. 55, 59, 21 N. E. 673 [12 Am. St. Rep. 772]:

"The principle is well settled by repeated adjudications, in this country and in England, that where a person comes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in his premises, the owner is not liable for negligence; for such person has taken all the risk upon himself."

[4] There is not much distinction to be drawn between the principle of liability applicable to a person who has a license to use premises and one who uses the premises for his own convenience. In both cases the person has express or implied permission. The rule applicable to these two cases is substantially the same. The owner is not liable for the condition in which the premises exist. The licensee

express or implied uses the property for his own convenience, and it would not be reasonable to hold the owner liable for conditions which result from want of care. No active vigilance is required of the owner. The license is exercised with the assumption of the risk of the condition in which the property is found except that the owner can not wantonly, willfully, or intentionally injure the licensee. The owner is not liable for his negligence in maintaining the premises in a safe condition, but he is liable for his tortious acts. This rule enlarges the liability over that which exists in case of a trespass and places these cases midway between those cases where the owner is liable, only for traps and springs existing without notice and those where he is required to exercise reasonable care. In the case of a licensee or one using premises for his convenience, the owner must not only abstain from wantonly injuring by placing springs and traps, but must not be guilty of any other wanton, willful, or intentional injury.

Finally, there are those cases where an invitation express or implied has been extended to the person injured to come upon the premises. The most familiar cases in this line are those where customers have been injured while trading in stores. Such cases are those of Larkin v. O'Neill, 119 N. Y. 221, 123 N. E. 563; Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Dutton v. Greenwood Cemetery Co., 80 App. Div. 352, 80 N. Y. Supp. 780. In the former of these cases the judgment for the plaintiff was reversed because of the application of too strict a rule of liability by the trial court, and Judge O'Brien said with reference to the rule that was applicable to cases where a person had been invited upon the premises that the owner or occupier was bound to use "reasonable prudence and care in keeping his place in such a condition that people who went there by his invitation were not unnecessarily exposed to danger." Page 225 of 119 N. Y., page 564 of 23 N. E. The owner of a pier used for the purposes of loading and unloading vessels gives a general license to all persons to use it and must keep it in a "safe condition." Swords v. Edgar, 59 N. Y. 28, 17 Am. Rep. 295.

[5] It will be observed from this review of cases relating to injuries received upon the premises of another that the rule of liability varies according to the particular facts and circumstances, but that the cases may be grouped under certain main heads which may be briefly designated as trespass, highways, convenience, license, and invitation. Into no one of these classes does the case at bar exactly fit, but it is most analogous to those cases where persons have slipped or fallen from highways into excavations adjoining the highway. The principle underlying those cases is that the excavation had made the use of the highway dangerous, and this principle can be extended to the case at bar. In the case of the claimant, the state by constructing the sluiceway so close to the line of the adjacent premises made it dangerous, since a person slipping, falling, or becoming dizzy might be thrown into the sluiceway. In this case the claimant was not a trespasser, she was not upon a public highway, she was not using the premises of the state for her convenience, and she had not been licensed or invited to go upon them; but the state owed her a duty to

keep its premises so that without negligence on her part in the use of her own premises she might not be subjected to injuries. Crowhurst v. Burial Board of Parish of Amersham, 4 Ex. Div. 5; Roney v. Aldrich, 44 Hun, 320.

The claimant is entitled to an award for such damages as she sustained.