(*Vandewater* v. *N. Y. & N. E. R. R. Co.*, 135 N. Y. 583.) Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

ETHEL BROWNE, Appellant, v. PAUL H. BROWNE, Respondent.— Judgment unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

COLE & NEWMAN TRANSPORTATION CO., INC., Respondent, v. DAVID RUBIN and ABRAHAM LIEBOWITZ, Respondents. SAMUEL KROHNBERG and LOUIS KROHN-BERG, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

ROLAND M. COMFORT, Appellant, v. HELEN E. COMFORT, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

HARRY F. DEBEAU, Respondent, v. BLEMTON REALTY CORPORATION, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

CATHERINE DOUGHERTY, as Administratrix, etc., of LEO DOUGHERTY, Deceased, Appellant, v. PRATT INSTITUTE, Respondent.— Order setting aside verdict for plaintiff and dismissing complaint, and the judgment entered thereon, reversed upon the law, and verdict* reinstated, with costs. We think the evidence is sufficient to support a finding that plaintiff's intestate fell while standing on the outside of the window in question, and while engaged in cleaning said window. It appeared that he had not worked on this building before the day he was injured, and that the windows or some of them which he had cleaned just previous to the time he fell were equipped with hooks or safety devices to hold the safety strap which he had upon his person when he fell. In this situation, plaintiff's intestate may have expected to find hooks in the particular window from which he fell, and may have got out of the window in order to clean it, with such expectation. His remaining and working upon this window in the absence of hooks bears only upon his own contributory negligence. In this situation we are not prepared to hold as matter of law that no negligence was shown on the part of this defendant which caused the accident. The fact that defendant had equipped some of its windows with safety devices, omitting them on others, seems to bring the case within the rule that the owner of land may not expose one expressly or impliedly invited to come upon the premises to unreasonable or concealed dangers. (*Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391.) Kelly, P. J., Manning and Young, JJ., concur; Jaycox and Kapper, JJ., dissent, and vote to affirm, upon the ground that defendant was not negligent, and that it violated no duty, either statutory or common law.

JACOB S. DUBROFF, Doing Business, etc., Respondent, v. LOUIS CRUDO and Others, Copartners, etc., Appellants.— Judgment and order of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

GENERAL FINANCE CORPORATION, Appellant, v. FRED MARTIN, Respondent.— Order granting defendant's motion to vacate judgment affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

* Verdict was for $10,000 in action for personal injuries.— [REP.